Susan LEONG, et al., Plaintiffs,

v.

**HILTON HOTELS CORPORATION,**
dba Hilton Hawaiian Village, et al., Defendants.

Civ. No. 87–0840 ACK.

United States District Court,
D. Hawaii.

July 27, 1988.

Howard R. Green, Michael A. Lilly, Green, Ning, Lilly & Jones, Honolulu, Hawaii, for plaintiffs.

Robert Katz, Sabrina Toma, Torkildson, Katz, Jossem, Fonseca & Moore, Honolulu, Hawaii, for Hilton Hotels, Dieter Seeger, Serge D'Rovencourt McDonough.

## ON MOTION FOR RECONSIDERATION OR FOR INTERLOCUTORY APPEAL

KAY, District Judge.

Plaintiff Sato moves this court to reconsider its decision to grant Defendants' motion for summary judgment on Count III of Sato's claim. In the alternative, Sato requests permission to seek an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). The court, having considered the motion and the memoranda filed with regard to it, finds as follows:

### A. *Motion for Reconsideration.*

■ In order to justify a reconsideration of an order, a party must show that there has been some intervening development in the law, some new evidence not previously available, or that the prior order is in clear error or would operate to create a manifest injustice. *All Hawaii Tours v. Polynesian Cultural Center*, 116 F.R.D. 645, 649 (D.Haw.1987). Sato has not shown any of these, and instead merely articulates disagreement with this court's analysis in its prior order. Sato asserts that reconsideration is proper because Defendants' motion for summary judgment raised only the question of the enforceability of the document signed by Sato when he began working for the hotel in 1960, which stated that his employment was at will. Although it is true that Defendants' motion was originally based on this document, all of the grounds for granting the motion based on the resolution of the issues surrounding the employee handbook and Baird's progressive discipline policies were fully briefed, argued, and considered by this court. Indeed, these issues were raised by Sato himself in response to Defendants' motion.

On the merits, Sato makes three arguments. First, Sato asserts that the employee handbook creates a jury issue of whether there is a promise, based on a finding as to the intent of the parties. This court, 689 F.Supp. 1565, previously ruled that the statements in the handbook did not rise to the level of a contractual offer under *Kinoshita v. Canadian Pacific Airlines*, 724 P.2d 110, 116 (Haw.1986). Sato does not even attempt to distinguish the cases cited for the proposition that in order to constitute a contractual offer, a handbook must give promises of specific treatment in specific situations or at least an exclusive list of causes for termination. *Toussaint v. Blue Cross*, 408 Mich. 579, 292 N.W.2d 880 (1980); *Cook v. Heck's Inc.*, 342 S.E.2d 453 (W.Va.1986); *Pine River State Bank v. Mettille*, 333 N.W.2d 622 (Minn.1983). Plaintiff has given no reason to reconsider the finding that the handbook in this case did not rise to a sufficient level to create a jury issue on intent.

Second, Sato asserts that Baird's progressive discipline policy creates an issue of fact whether there has been an alteration of the at-will employment status. Again, this argument was considered and rejected, and Sato has presented no new evidence on the issue. Baird's policy was neither approved by Defendants nor maintained after Baird left. It was not promulgated to the employees in general, and Defendants assert in opposition to this motion that it was not even given to Sato. Although it is true that the particular employee need not be shown to have known of the policy, *Kinoshita* at least requires that the policy be made known to the employees as a class in order to show the necessary intent to induce reliance. If Baird's procedures are held to be a contract in this case, not only would *Kinoshita* be greatly expanded, but an employer would never be able to establish any procedures to promote fairness and consistency, no matter how secret, without altering the employment status of at-will employees. This result would seem to run counter to the interests of employees, since it would discourage an employer from instituting any policies of fairness toward its at-will employees for fear of creating a contract.

Lastly, Sato asserts that *Kinoshita* does not require a handbook to contain procedural remedies in order to constitute a contract. The simple answer to this argument is that it mischaracterizes the court's order; the lack of particular procedural remedies in the handbook was only one factor in this court's analysis of this case. The argument based on the handbook was rejected because the handbook by its terms did not constitute a promise of any kind, and the lack of any standards to enforce was only a part of that analysis.

**B. *Motion for Interlocutory Appeal.***

■ 28 U.S.C. § 1292(b) provides for interlocutory appeal upon permission of both the district court and the court of appeals:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken; from such order, if application is made to is within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

The overriding consideration in the determination of the appropriateness of interlocutory appeal under this provision is simply whether such an appeal would be helpful in light of the nature of the issue and the status of the litigation. If the issue is an unsettled one and reversal would entail repetitive trials, interlocutory appeal might be appropriate. If the issue is well settled such that reversal appears unlikely, or reversal would not likely cause substantial burdens in the form of new trials, etc., then interlocutory appeal would not seem helpful and might simply increase the costs and inefficiencies inherent in the system. *See* 16 Wright, Miller, Cooper & Gressman, *Federal Practice and Procedure: Jurisdiction* § 3930 (1977).

In this case, the issue on appeal would be to determine the proper interpretation of *Kinoshita* and apply it to the facts as presented by this case. Although *Kinoshita* itself is broadly written and does not provide detailed guidance as to the standards for creating a contract, the cases relied on by the *Kinoshita* court do provide guidance, and there is no reason to think that Hawaii courts would read the doctrines any more broadly than other courts have done. In addition, the issue in this case involves more than simply a clean question of law; in order to decide this motion, the court had to apply the standards of *Kinoshita* to a specific factual setting to determine whether the facts of this case could reasonably be construed to constitute a contract. A case involving factual issues is even less appropriate for interlocutory review. *See Clark–Dietz & Associates–Engineers v. Basic Const.*, 702 F.2d 67 (5th Cir.1983); *Chappell & Co. v. Frankel*, 367 F.2d 197, 200 n. 4 (2d Cir. 1966); *DeWitt v. American Stock Transfer Co.*, 440 F.Supp. 1084 (D.C.N.Y.1977).

■ On balance, interlocutory appeal does not seem appropriate under the circumstances of this case. Although an appeal now might possibly prevent a later retrial of Sato's claim, the disputed issue involves questions of fact which are inappropriate for such an appeal, and the legal question of the proper construction of *Kinoshita* seems relatively well settled in light of cases from other jurisdictions. There is still a strong policy against piecemeal appeals, and this does not seem to be overcome in this case by anticipated savings of resources by permitting an appeal at this time.

Accordingly, it is ORDERED that Plaintiff Sato's Motion for Reconsideration or

for Certification for Interlocutory Appeal is hereby DENIED.