**In re Anthony GRECO aka Tony Greco, Debtor–Appellant.**

**Bankruptcy Appeal No. 89–00985MP.
Bankruptcy No. 0975–1–79–00484.**

United States District Court,
D. Hawaii.

April 25, 1990.

Robert W. Stewart, Jr., Palm Desert, Cal., and Dexter T. Higa, Honolulu, Hawaii, for debtor-appellant.

Bert T. Kobayashi, Jr., and Lex R. Smith, Honolulu, Hawaii, for Troy Corp.

John R. Dwyer, Jr. & Kenn N. Kojima, Honolulu, Hawaii, for Trustees of the Kazuo Richard Kishi Trust.

PENCE, Senior District Judge.

I. *Introduction*

This Court has before it two appeals from the debtor Anthony Greco and one cross-appeal from the Kishi Trustees stemming from three related orders of the Bankruptcy Court in the above-captioned bankruptcy proceedings. The first appeal involves the Bankruptcy Court's denial of the debtor-appellant's Motion for Declaratory Judgment heard and orally denied on February 3, 1989, and entered on April 25, 1989. The second appeal involves the Bankruptcy Court's July 21, 1989 denial of two identical Motions for Reconsideration filed on February 21, 1989 and May 5, 1989. Both of these motions sought reconsideration of the Bankruptcy Court's Order denying Greco's Motion for Declaratory Judgment set forth above. Finally, the cross-appeal involves the Bankruptcy Court's denial of the Kishi Trustees' oral Motion for Sanctions against the debtor Greco for seeking the declaratory judgment, and the Bankruptcy Court's denial of their Motion for Sanctions against the debtor for filing his two Motions for Reconsideration. The first judgment denying sanctions was entered by the Bankruptcy Court on February 8, 1989, and the second was entered on July 21, 1989.

This Court has appellate jurisdiction over this matter under 28 U.S.C. § 1334(a), 28 U.S.C. § 158(a), Bankruptcy Rule 8001, the Amended Order Establishing and Continuing the Bankruptcy Appellate Panel of the Ninth Circuit (J. Counsel 9th Cir. May 3, 1985) and the Amended Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges and Authorizing Bankruptcy Appeals to be Decided by the Ninth Circuit Appellate Panel (D.Haw. May 20, 1985).

II. *Facts*

This bankruptcy case involves a parcel of property owned by the Richard Kishi Trust ("Kishi") and located on 736 Front Street in Lahaina, Maui, Hawaii ("the property"). In 1975, Kishi entered into a long term lease of the property with Anthony and Rene Greco. The lease was to run for thirty-five years. On March 27, 1977, fire destroyed the restaurant the Grecos were operating on the property, and when the Grecos defaulted on the rent payment, Kishi filed an action in state court to terminate the Greco's lease. Faced with this pending lawsuit, Anthony Greco filed for protection under Chapter 11 of the Bankruptcy Act on November 18, 1979. The Kishi Trustees promptly moved to lift the automatic stay, and Anthony Greco moved to assume the lease. On March 5, 1980, the Bankruptcy Court denied Mr. Greco's motion to assume the lease and lifted the automatic stay.

On April 9, 1980, Rene Greco filed her own petition for relief with the Bankruptcy Court. Mrs. Greco sought to assume the lease and the Kishi Trustees once again sought a lifting of the automatic stay. According to the Bankruptcy Court, the Court was in the process of preparing an order denying assumption of the lease by Mrs. Greco and lifting the stay in favor of the Kishi Trustees when the Troy corporation made a proposal to resolve the dispute among the parties.

Consequently, on or about January 29, 1981, various documents were executed as part of the Greco bankruptcy plan of reorganization between Greco, Kishi and Troy. These documents were a lease agreement between Kishi and Troy; a trust agreement between Troy and Greco wherein Troy was to hold the lease in trust for Troy and Greco and to provide a monthly minimum living allowance of $2,500.00 each to the Grecos; and a plan of reorganization for the Greco estate. The plan of reorganization was confirmed by the Bankruptcy Court on February 27, 1981.

On April 3, 1986, five years after the plan of reorganization was approved by the Bankruptcy Court, the Court converted the case from Chapter 11 to Chapter 7. On April 15, 1986, the Court appointed Robert O. Lippi as Trustee.

As a result of the conversion, the new Chapter 7 Trustee was required under 11 U.S.C. § 365 to either assume or reject "any executory contract or unexpired lease of the debtor" within 60 days of the order

of relief, or such contract or lease would be deemed rejected. Here, the Trustee failed to take any action concerning the lease, trust and plan of reorganization. Accordingly, under § 365(d) of the Bankruptcy Code, all executory contracts or unexpired leases in the Greco estate expired. Presumably, this included the lease agreement between Troy and Kishi, the trust agreement between Troy and the Grecos, and the plan of reorganization.

The Greco's appealed the Order of Conversion by the Bankruptcy Court first to the District Court, *In re Rene Greco and In re Anthony Greco*, Bankr. Nos. 80–00197 & 0095-1-79-00484 (D.Haw. filed Feb. 5, 1987), and then to the Ninth Circuit Court of Appeals, *Greco v. Stubenberg*, 859 F.2d 1401 (9th Cir.1988). In the end, however, the Conversion Order was upheld.

Next, in December of 1988, Anthony Greco filed a motion before the Bankruptcy Court seeking a declaratory judgment that the lease agreement between the Kishi Trustees and the Troy corporation was not an executory contract, and therefore not a part of the debtor's bankruptcy estate. Greco contended, *inter alia*, that because the debtor had no obligation to perform any of the duties contained within that lease agreement, the same could not be deemed an executory contract. Greco's Motion for Declaratory Judgment at p. 4. Accordingly, the Grecos argued that the Trustee was not required to assume the lease under § 365(d) of the Bankruptcy Code, and as such, the terms of the lease were still in force.

The Motion came on for hearing before the Honorable Judge Chinen on February 8, 1989. At that time, the Bankruptcy Court orally denied Greco's Motion for Declaratory Judgment and took under advisement an oral Motion for Sanctions against Greco that were sought by the Kishi Trustees. At the hearing, the Bankruptcy Court held that because the trust agreement, lease and plan of reorganization were all a part of the same "package", and because the Trustee failed to take any action on the instruments within the sixty days of conversion, all three were rejected. *See* Transcript of Proceedings on Motion for Declaratory Judgment, February 3, 1989 p. 11.

On February 8, 1989, the Bankruptcy Court issued a decision denying the Kishi Trustees' Oral Motion for Sanctions. Apparently confused by the scope of the Bankruptcy Court's decision (no small feat when the Order was only twenty-six lines long), Greco mistakenly filed a "Motion for Reconsideration from the February 8, 1989 Order Denying Debtor, Anthony Greco's Motion for Declaratory Judgment". Memoranda in Opposition to Greco's Motion for Reconsideration were filed by the Kishi Trustees and the Troy Corporation on March 10, 1989, and March 22, 1989, respectively. In addition, Peacock Partner joined in these two opposition motions. However, before the Bankruptcy Court ruled on Greco's premature Motion for Reconsideration, it filed its written Order Denying Greco's Motion for Declaratory Judgment on April 25, 1989. Next, on May 5, 1989, Greco filed yet another Motion for Reconsideration, this time seeking reconsideration of the "April 25, 1989 Order Denying Greco's Motion for Declaratory Judgment". Once again, memoranda in opposition were filed by the Kishi Trustees and the Troy Corporation. This time both the Kishi Trustees and the Troy Corporation requested that sanctions be imposed against Greco for filing his Motion for Reconsideration. *See* Kishi Trustees' Memorandum in Opposition to Anthony Grecos Motion for Reconsideration filed May 23, 1989; and Troy Corporations's Supplemental Memorandum and Request for Sanctions Regarding Anthony Greco's Motion for Reconsideration filed on June 16, 1989.

Finally, on July 21, 1989 the Bankruptcy Court ruled on the two Motions for Reconsideration. After consolidating the two motions, the Bankruptcy Court held:

Under 11 U.S.C. § 365(d)(4), if a nonresidential lease is not assumed within the 60 days after the date of the order of relief, or within such time as the Court, for cause, may fix, it is deemed rejected. Although Debtor was neither a lessor or lessee of the Kishi/Troy Lease, he had an equitable interest in the Lease for it

was the primary funding source of his bankrupt estate and the Trust Agreement. Without the lease, the Trust Agreement had no corpus and the Trust would die on its own terms. Without the Trust, the Grecos would have no assets and no means to pay their creditors, and liquidation would be their only recourse.

The relationship between the Lease and Trust Agreement is not an accident. It was by design of the of the parties, including the Debtor.... The Grecos had obligations and duties which were so significant that they could adversely control the actions of the lessee, as this Court recognized in its Conversion Order of April 3, 1986.

. . . . .

The analysis provided by Debtor that the lease was not an executory contract or part of his estate may be plausible if these were mutually exclusive contracts. This is not the case, for the contracts were integrated and of one transaction.

Memorandum Decision and Order Regarding Motion for Reconsideration, Docket No. 489, at pp. 8–9 (filed July 21, 1989).

On July 28, 1989 Greco filed the present Notice of Appeal. In this motion, Greco appeals from the February 8, 1989 Order Denying Oral Motion for Sanctions, the April 25, 1989 Order Denying Motion for Declaratory Judgment, and the July 21, 1989 Memorandum Decision and Order Denying Motion for Reconsideration.

The Kishi Trustees filed their Notice of Cross–Appeal on August 14, 1989. The cross-appeal from the Kishi Trustees involve the Bankruptcy Court's denial of their oral Motion for Sanctions against the debtor Greco for seeking the declaratory judgment entered by the Bankruptcy Court on February 8, 1989, and the Bankruptcy Court's denial of their Motion for Sanctions against Greco for filing his two Motions for Reconsideration dated July 21, 1989. Both the appeal and cross-appeal are timely pursuant to Bankruptcy Rule 8002(a).

### III. Standard of Review

 Because this Court is considering two separate appeals and one cross-appeal, differing standards of review apply. With respect to the appeal of the Motion for Declaratory Judgment, the issues of fact are to be reviewed under a clearly erroneous standard of review, Bankr.R. 8013, whereas questions of law are to be reviewed under a de novo standard of review. Shmavonian v. Lewis (In re Lewis), 79 B.R. 893, 895 (9th Cir. BAP 1987); Estate of Daily v. Lilipuna Associates (In re Daily), 107 B.R. 996 (D.Haw.1989). The standard of review regarding the Bankruptcy Court's denial of Greco's two Motions for Reconsideration is an abuse of discretion standard. Bankr.R. 923; Frederick S. Wyle Professional Corp. v. Texaco, Inc., 764 F.2d 604 (9th Cir.1985). Finally, with regards to the Bankruptcy Court's denials of the Kishi Trustees' two Motions for Sanctions, the law in the Ninth Circuit is that the Bankruptcy Court's determination regarding "good faith" under Bankruptcy Rule 9011 is reviewed under a clearly erroneous standard, See Matter of Metz, 820 F.2d 1495, 1497 (9th Cir.1987), whereas the legal question of whether or not the Debtor's specific conduct violated the Rule is a de novo review. In re Chisum, 847 F.2d 597, 599 (9th Cir.1988).

### IV. Appeal of the Denial of the Declaratory Judgment

 Greco's first appeal stems from the Bankruptcy Court's oral finding on February 3, 1989, and written Order of April 25, 1989 in which the Bankruptcy Court held that the Kishi/Troy lease was an executory contract, and that accordingly, when the Trustee failed to assume the trust agreement within sixty days of the conversion of the case to Chapter 7 in 1986, the trust agreement, lease and plan of reorganization were all rejected because they were all a part of the same package.

In his Motion for Declaratory Judgment, Greco sought an Order from the Bankruptcy Court stating that the January 29, 1989 lease between the Kishi Trustee and the Troy Corporation was not an executory contract of the Chapter 7 Bankruptcy Estate of Anthony Greco. Greco based his Motion on the belief that because the Debt-

or had no obligations to perform any duties contained within the January 29, 1981 Kishi/Troy lease, and therefore was not a party to the lease, it was never an asset of the estate and did not need to be assumed by the Trustee when the case was converted in 1986 from Chapter 11 to Chapter 7.

Here, the Bankruptcy Court disagreed with the debtor's characterization and so does this Court. While it may be true that Greco is not a named party in the Kishi/Troy lease, the Bankruptcy Court found that "all parties have agreed over and over that the trust agreement, the lease, and the plan of reorganization were considered part of one transaction, that it was a package deal, that the three have to stand together and one cannot stand without the other." Transcript of Proceedings on Motion for Declaratory Judgment, February 3, 1989 at p. 11. This finding was based on a number of facts.

First, the Bankruptcy Court found that all parties, including Mr. Greco, have repeatedly recognized and acknowledged that the lease, trust and plan of reorganization constituted a single transaction and could not stand separately.[1]

In addition, the Court also found that everybody that has been involved in this bankruptcy has recognized throughout the proceedings that the three documents are interrelated. In fact, in February of 1987, District Judge Fong entered an order recognizing that if the Bankruptcy Court's conversion of the case from Chapter 11 to Chapter 7 was upheld, "the lease is gone." *In re Rene Greco and In re Anthony Greco*, Bankr. Nos. 80–00197 & 0095-1-79-00484 (D.Haw. filed Feb. 5, 1987). Greco appealed this holding to the Ninth Circuit, *Greco v. Stubenberg*, 859 F.2d 1401 (9th Cir.1988), and it was only after the conversion was upheld that Greco took the position that the Kishi/Troy lease was not a part of the debtor's estate.

Finally, this Court's own review of the record supports not only the factual findings of the Bankruptcy Court set forth above, but also show that Greco had numerous duties under the package agreement which governed rights and obligations in the leased property.[2] Although these duties were not set out in the Kishi/Troy lease, it is clear from the terms of the Trust Agreement that the lease, trust

---

1. As stated in a February 29, 1984 hearing on various motions in the bankruptcy proceedings:

 MR. ZEN (Attorney for Anthony Greco): I disagree with that for the very simple reason that the jurisdiction of this court over the debtor extends to any property of the debtor, wherever located. *Now, the property of the debtor here is a beneficial interest under two documents which are an integrated transaction.* One is the declaration—the trust agreement and declaration of trust. *And also the master lease between Troy Corporation who is the trustee under that declaration of trust and the Kishi Trustees.*

 *These two documents are part and parcel and are property which is administered and which has been approved and confirmed by this Court under the plan of reorganization. Now that is the property over which this Court has jurisdiction.*

 Transcript of proceedings dated February 29, 1984, at pp. 25–26 (Emphasis added).

2. Greco's controls and obligations under the package agreement which comprised the plan of reorganization included the following:

 1. Greco retained control over any and all subleases by Troy of the premises. Trust Agreement, § 8. In contrast, under the lease/trust arrangement the fee-owner/master-lessor, Kishi, had no right to object to subleases entered by Troy. Kishi–Troy Lease, § 11(c)).

 2. Greco retained control over any improvements that Troy Corporation might propose for the premises. Trust Agreement, § 27. Again in contrast, under the lease/trust arrangement Kishi had no right to pre-approval of the construction plans. Kishi–Troy Lease, § 8(b).

 3. Greco retained control over any mortgaging of the leasehold property. Trust Agreement, § 7. Again in contrast, the lease/trust arrangement gave Kishi no right to object to a mortgage by Troy. Kishi–Troy Lease, § 21.

 4. Greco retained control over the hiring of a property manager for the property. Trust Agreement, § 10.

 5. Greco retained control over the hiring of a rental agent for the property. Trust Agreement, § 10.

 6. Greco retained a portion of the premises for Greco's own direct use or for payment to Greco of 100% of the rental income therefrom.

 7. Greco had the right to 80% of the profits, if any, from the premises (in addition to the $5000 living allowance). Trust Agreement, § 14(c).

and plan of reorganization were all part of the indivisible plan.

Thus, because bankruptcy courts have the equitable power "to look through the form [of a document] to the substance of the transaction", *City of San Francisco Market Corp. v. Walsh, (In re Moreggia & Sons, Inc.)*, 852 F.2d 1179, 1185–86 (9th Cir.1988), it was proper for the Court to look at all three documents and determine that the lease agreement which was part of the plan of reorganization was a part of the debtor's estate. As a result, when the Trustee failed to assume the lease within the sixty-day time frame as set out in 11 U.S.C. § 365(d)(4), the lease was deemed rejected.

It was not clearly erroneous for the Bankruptcy Court to find that all three documents were part and parcel of the same transaction. Accordingly, the Bankruptcy Court's denial of Greco's Motion for Declaratory Judgment is affirmed.

### V. *Appeal of the Denial of the Two Motions for Reconsideration*

In addition to appealing the original Order denying the debtor's Motion for a Declaratory Judgment, the movant also appeals from the Bankruptcy Court's denial of his two Motions for Reconsideration. Although this Court believes that the above analysis has sufficiently dealt with the debtor's arguments, a separate analysis on the denial of the two Motions for Reconsideration is in order.

■ According to the case law, a motion for reconsideration must do two things. First, it must demonstrate some reason why the court should reconsider its prior decision. Second, it must set forth facts or law of a strongly convincing nature such as would induce a court to reverse its prior decision.

■ To that end, courts have developed three alternative grounds which would justify reconsideration of a prior order or judgment. They are: (1) an intervening change in controlling law; (2) the availability of new evidence; and, (3) the need to correct clear error or to prevent manifest injustice. *See Leong v. Hilton Hotels Corp.*, 689 F.Supp. 1572, 1573 (D.Hawaii 1988) ("a party must show that there has been intervening development in the law, some new evidence not previously available, or that the prior order is in clear error or would operate to create a manifest injustice"); *All Hawaii Tours v. Polynesian Cultural Center*, 116 F.R.D. 645, 649 (D.Hawaii 1987). Moreover, the courts in this circuit have also recognized that a motion for reconsideration is not permitted (a) to assert new legal theories that could just as well have been raised before the initial hearing; (b) to present new facts which could have been presented before the initial hearing; or (c) to rehash the same arguments made the first time or simply express an opinion that the court was wrong. *See MGIC Indemnity Corp. v. Weisman*, 803 F.2d 500, 505 (9th Cir.1986). Thus, to avoid being frivolous, such a motion must provide a valid ground for reconsideration. *All Hawaii Tours v. Polynesian Cultural Center*, 116 F.R.D. 645, 648 (D.Hawaii 1987); *see also, MGIC Indemnity Corp* at 505.

■ In this case, the debtor did not set forth the ground upon which the Bankruptcy Court was to reconsider the matter. Nevertheless, looking at each possible ground as applied to the facts of this case, the decision of the Bankruptcy Court was proper.

First, the Bankruptcy Court found that the factual evidence offered by the debtor on the two Motions for Reconsideration consisted entirely of affidavits related to pleadings filed long ago in other lawsuits, and that there was no reason that these affidavits could not have been obtained at the time of the first hearing. *See* Memorandum Decision and Order Regarding Motion for Reconsideration, Docket No. 503 at p. 5. Upon a review of the record, this Court affirms the finding that the motions presented nothing new. Accordingly, if the motion was based upon the "availability of new evidence", the Bankruptcy Court properly found that the "new evidence" requirement had not been met.

Second, the Bankruptcy Court set forth the basis for its original denial of Greco's Motion for Declaratory Judgment in its Order Regarding Motion for Reconsideration. The Court found that the plan of reorganization was part of a single transaction, and that the failure of the Trustee to assume the terms of the lease within 60 days after the date of the order of relief as per 11 U.S.C. § 365(d)(4) resulted in a termination of the lease, the trust, and all other agreements which were a part of the plan of reorganization. *See* Memorandum Decision and Order Regarding Motion for Reconsideration, Docket No. 503 at pp. 8, 10. In his motions, the debtor failed to demonstrate why such a finding was such "clear error" as to constitute a judicial mistake requiring a reversal of the Bankruptcy Court's decision. Thus, it was entirely proper for the Bankruptcy Court to deny the debtor's two Motions for Reconsideration if it was sought under the "clear error" ground.

Finally, the debtor did not argue, and the facts do not support a finding that there had been an "intervening change in the controlling law" to support a reconsideration motion.

Accordingly, there was no abuse of discretion on the part of the Bankruptcy Court in denying of debtor's two Motions for Reconsideration. Bankr.R. 923; *Frederick S. Wyle Professional Corp. v. Texaco, Inc.*, 764 F.2d 604 (9th Cir.1985). As such, the Bankruptcy Court's Order Denying debtor's two Motions for Reconsideration is affirmed.

## VI. *Cross–Appeal of the Kishi Trustees*

The final issue before this Court involves the cross-appeal by the Kishi Trustees filed on August 1, 1989. Here, the Kishi Trustees seek a reversal of the Bankruptcy Court's Order denying their oral Motion for Sanctions under Bankruptcy Rule 9011(a) against the debtor Greco for filing the Motion for Declaratory Judgment, and the Bankruptcy Court's Order denying their Motion for Sanctions made against the debtor Greco for filing his two Motions for Reconsideration. Those two orders of the Bankruptcy Court were entered on February 8, 1989 and July 21, 1989.

Bankruptcy Rule 9011(a), which tracks Federal Rule 11, provides:

> The signature of an attorney or a party constitutes a certificate that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass, to cause delay, or to increase the cost of litigation.... If a document is signed in violation of this rule, the court on motion or on its own initiative, shall impose on the person who signed it, the representing party, or both, an appropriate sanction, which may include an order to pay the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorneys' fee.

Fed.Bankr.R. 9011.

In this case, the Kishi Trustees contend that the Bankruptcy Court erred both in denying the imposition of sanctions as it pertained to the Motion for Declaratory Judgment, and in the denial of their other Motion for Sanctions as it pertained to the two Motions for Reconsideration. Because there are in effect two separate motions seeking a reversal of the denial of sanctions, this Court will review each decision of the Bankruptcy Court in turn to determine if the decision of the Bankruptcy Court to deny sanctions was appropriate.

As mentioned above, when reviewing a court's decision on a request for sanctions, the reviewing court first employs a clearly erroneous standard to determining whether or not the motions were filed in good faith, *Matter of Metz, supra* at 1497, and then, if necessary, the reviewing court employs a *de novo* standard to determinate whether or not the debtor's specific conduct violated the Rule. *In re Chisum, supra* at 599.

**666**

Regarding the first Order denying the Motion for Sanctions, the Kishi Trustees contend that the Motion for Declaratory Judgment was unnecessary when it was filed because (1) the Debtor's prior counsel had previously admitted that the Kishi/Troy Lease was a part of the estate; and (2) that at the time of the motion there existed a prior order of the U.S. District Court for the District of Hawaii that assumed the existence of the Kishi/Troy lease in the estate. As a result, the Motion for the Declaratory Judgment was res judicata and was frivolous, and sanctions should have been imposed.

 28 U.S.C. § 1927 permits courts to sanction an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously" by assessing the excess costs, expenses and attorney's fees to the other party. The standards governing the levying of sanctions under this provision are: 1) the multiplicity of the proceedings, and 2) unreasonableness and vexatiousness. An attorney's actions are considered unreasonable and vexatious under § 1927 if the attorney acted in bad faith.

 The law in the Ninth Circuit is that sanctions shall be assessed "if the paper filed in district court and signed by an attorney or an unrepresented party is frivolous, legally unreasonable, or without factual foundation, even though the paper was not filed in subjective bad faith." *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 831 (9th Cir.1986).

With regards to the Motion for the Declaratory Judgment, the Bankruptcy Court found that "counsel had not previously been given full opportunity to argue concerning the existence of the lease and the other documents tied in with the lease", and that "it was not frivolous to bring the Motion". *See* Order Denying Oral Motion for Sanctions, Docket No. 468 at 2. While it may be true that a judicial determination of whether or not the Kishi/Troy lease was an executory contract and whether or not it was a part of the Debtor's estate is substantially similar when examined in the context of this bankruptcy case, there was sufficient evidence in the record to support

Judge Chinen's conclusion. The bankruptcy judge is in the best position to assess a debtor's credibility. *See In re Chisum, supra* at 600. As a result, this Court finds that it was not clearly erroneous for the Bankruptcy Court to deny the imposition of sanctions, and accordingly, the decision of the Bankruptcy Court denying sanctions with respect to the filing of the Motion for Declaratory Judgment is affirmed.

Finally, with regards to the filing of the two Motions for Reconsideration, the Kishi Trustees also contend that the Bankruptcy Court erred in not awarding attorneys' fees and costs incurred in opposing the two motions because the Debtor's moving papers "(1) were beyond the scope of the original Motion for Declaratory Judgment; (2) were excessive in bulk and were extremely time consuming to review; (3) did not provided any 'newly discovered evidence'; and (4) were repetitive, i.e., there [was] little difference the two Motions for Reconsideration."

While this Court is unaware of any judicial authority which supports the proposition that sanctions may be imposed because the moving papers of an opponent are "bulky" and/or time consuming to review, the other objections made by the Kishi Trustees may have some merit depending on the facts of this case.

 Turning first to the Kishi Trustees' arguments that the two motions did not provide any newly discovered evidence and therefore sanctions should have been imposed, cases do hold that motions for reconsideration which seek simply "to relitigate old issues" are as a matter of law without merit and frivolous. *All Hawaii Tours v. Polynesian Cultural Center, supra* at 648. As a result, sanctions may properly be imposed. *See MGIC Indemnity Corp. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986) (affirming district court's imposition of Rule 11 sanctions upon finding a Rule 59(e) motion "frivolous because it introduced nothing new").

 In this case, the Bankruptcy Court was silent on the question of good faith. However, as has been set forth in Section

V above, the Bankruptcy Court found, and this Court affirmed, the finding that Greco's two Motions for Reconsideration consisted entirely of affidavits and facts that could have been presented at the time of the first hearing. In addition, the Bankruptcy Court also found that the sole reason the debtor sought a determination that the lease was not an executory contract was not for the benefit of his creditors or others, but rather so that he may pursue a cause of action in state court against the Troy Corporation to recover his share of 3.3 million dollars allegedly promised under the Trust Agreement. *See* Memorandum Decision and Order Regarding Motion for Reconsideration, Docket No. 503, at pp. 7–8. Here, the Bankruptcy Court properly found that such a purpose did not fall within the proper objectives of the bankruptcy statutes. *See First Beverly Bank v. Adeeb (In re Adeeb)*, 787 F.2d 1339, 1345 (9th Cir.1986).

Thus, based upon these findings and the fact that the Bankruptcy Court was silent on the question of "good faith", this Court holds that the findings of fact set forth in Judge Chinen's Memorandum Decision require this Court to find that Greco did not file his two Motions for Reconsideration in good faith. *See Roadway Express, Inc. v. Piper*, 447 U.S. 752, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980) (" '[B]ad faith may be found, not only in the actions that led to the lawsuit, but also in the conduct of the litigation").

Next, having found a lack of good faith, this Court reviews *de novo* the specific conduct of the debtor to determine if the imposition of sanctions are in order. Here, this Court finds that because the two Motions for Reconsideration failed to set forth any new evidence, and because the motions were done merely for the benefit of the debtor and not for the interests of the creditors, the imposition of sanctions in the way of payment of attorney fees and costs in defending the Debtor's two Motions for Reconsideration are appropriate. *MGIC Indemnity Corp. v. Weisman*, 803 F.2d at 505.[3]

Accordingly, the Bankruptcy Court's Order denying sanctions under Bankruptcy Rule 9011(a) as it relates to the two Motions for Reconsideration is reversed, and counsel for the Kishi Trustees is requested to submit its' application for attorneys' fees and costs pertaining to the filing of its oppositions to the two Motions for Reconsideration for approval before this Court.[4]

### VII. *Conclusion*

For the foregoing reasons, the Bankruptcy Court's Order denying Greco's Motion for Declaratory Judgment is AFFIRMED. Moreover, the Bankruptcy Court's Order denying Greco's two Motion for Reconsideration is similarly AFFIRMED. Finally, the Bankruptcy Court's Order denying the Kishi Trustees' first Motion for Sanctions as it pertains to the filing of the Declaratory Judgment is AFFIRMED, and the Bankruptcy Court's order denying the Kishi Trustee's Motion for Sanctions as it pertains to the filing of the Motion for Reconsideration is REVERSED.

IT IS SO ORDERED.

---

**3.** In imposing sanctions, the Court does not look into the validity of the Kishi Trustees' argument that sanctions should also be imposed for reasons (1) and (4) set forth above.

**4.** This Court is mindful of the fact that although two Motions for Reconsideration were filed by the Debtor, they were almost identical in nature, and that the fees and costs incurred by the Kishi Trustees in opposing the motions should be reflective of that fact.