NPR, INC. Plaintiff

v.

**AMERICAN INTERNATIONAL INSURANCE COMPANY OF PUERTO RICO Defendant**

**No. CIV.01–1395 SEC.**

United States District Court,
D. Puerto Rico.

May 7, 2003.

**4**

Luis A. Oliver, Esq., Fiddler González & Rodríguez, LLP, San Juan, PR, for Plaintiff.

Jeannette López de Victoria, Esq., Pinto–Lugo, Oliveras & Ortiz, San Juan, PR, for Defendant.

Marco A. González, Jr., Esq., Duane Morris, LLP, Newark, NJ, for Non–Party (Wachovia Bank, National Association).

### *ORDER*

GELPI, United States Magistrate Judge.

On March 27, 2003, defendant, American International Insurance Company of Puerto Rico ("AIICO"), filed a motion to re-open the joinder of Wachovia Bank, National Association ("Wachovia"). (Docket No. 80). On April 21, 2003 non-party, Wachovia, filed an opposition to defendant's motion to re-open Wachovia's joinder as a party plaintiff. (Docket No 83). On April 2, 2003, the matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket No. 81).

Upon careful review and consideration of defendant's motion to re-open the joinder of Wachovia Bank, N.A. and all pertinent documentation, and for the subsequent reasons here presented, the Court **ORDERS** that defendant's motion to re-open the joinder of Wachovia Bank, N.A. be **DENIED**.

### I. *Factual Background*

Plaintiff, NPR, Inc. ("NPR"), filed the present action against defendant, AIICO, alleging defendant had refused to comply with the terms of its policy after plaintiff sustained damages during Hurricane Georges in 1998. In February 1999, NPR entered into a collateral assignment of the policy proceeds to First Union Bank which is now known as Wachovia Bank, National Association, plaintiff's secured lender. On March 2001, plaintiff filed for bankruptcy

under Chapter 11, converting it to Chapter 7 on July 2002. On August 15, 2002, defendant filed the first motion to join Wachovia as a party plaintiff. Said motion was denied on October 16, 2002. (Docket No. 57). On November 1, 2002, plaintiff's original counsel, Spector Gadon & Rosen, P.C. ("SG & R"), were granted a motion to withdraw. (Docket No. 62). On March 27, 2003, defendant filed a motion to reopen the issue of joinder of Wachovia. (Docket No. 80).

## II. *Standard Of Review*

■ A motion for reconsideration must be based on new evidence that had not previously been available. It is not meant to "allow parties to rehash old arguments already considered and rejected". *National Metal Finishing Co. v. Barclays-American Commercial, Inc.*, 899 F.2d 119, 123 (1st Cir.1990). "In order to justify a reconsideration of an order, a party must show that there has been some intervening development in the law, some new evidence not previously available, or that the prior order is in clear error or would operate to create a manifest injustice." *Leong v. Hilton Hotels Corp.*, 689 F.Supp. 1572, 1573 (D.Haw.1988).

## III. *Legal Analysis*

In order to grant the present motion, the defendant must demonstrate that it is in compliance with the standard for reconsideration. "In order to justify a reconsideration of an order, a party must show that there has been some intervening development in the law, some new evidence not previously available, or that the prior order is in clear error or would operate to create a manifest injustice." *Leong v. Hilton Hotels Corp.*, 689 F.Supp. 1572, 1573 (D.Haw.1988). In the present case, the defendant argues there are two additional developments to consider that were not available when first presenting their motion to join Wachovia as a party plaintiff.

(Docket No. 80). These two points are that plaintiff's original counsel withdrew and that plaintiff's Chapter 7 Trustee entered into a settlement agreement and release with Wachovia on December 30, 2002. (Docket No. 80).

### A. *Withdrawal of Plaintiff's Original Counsel*

■ Defendant argues that the withdrawal of plaintiff's original counsel constitutes an additional development which should be considered for the purpose of reviewing its motion for the involuntary joinder of Wachovia. (Docket No. 80). The withdrawal of SG & R does not change the fact that Wachovia's "interest in this litigation is only subsidiary to plaintiff's, and would arise only in the case that plaintiff were victorious." (Docket No. 57). The fact that plaintiff has new counsel holds no bearing on Wachovia's position as a non-party since it does not change its interest in this litigation.

### B. *Wachovia as a Necessary Party*

■ Defendant argues that Wachovia has taken control of the litigation due to the settlement agreement entered into on December 3, 2002 with the Chapter 7 Trustee. (Docket No. 80). Defendant considers that given the fact that Wachovia is funding and manages the litigation it has control over the same, it is the "only party, not just the real party". (Docket No. 80).

In the original motion to join Wachovia, defendant argued that Wachovia "has agreed to fund this litigation, take control of the case and assume responsibility for pursuing the same" (citations omitted). (Docket No. 48). In both motions, defendant argues that Wachovia will receive the full amount awarded if such were to occur. The arguments defendant states in both motions to join Wachovia leave unchanged

Wachovia's interest in respect to the subject of the litigation. Wachovia's interest remains "subsidiary to plaintiff's" (Docket No. 57). Defendant's arguments in both motions are the same inasmuch as Wachovia is funding the litigation and will receive the full amount of the judgment if any are awarded.

Defendant has thus failed to comply with the standard for re-consideration of an court order.

**WHEREFORE**, the Court **ORDERS** that defendant's motion to re-open the issue of the joinder of Wachovia Bank, National Association be **DENIED**.

**SO ORDERED.**