NOT FOR PUBLICATION

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: | BAP No.   CC-11-1393-KiMkH |
| HUMBERTO GUZMAN and FIDELIA GUZMAN, | Bk. No.   11-12043-CEB |
| Debtors. | |
| HUMBERTO GUZMAN; FIDELIA GUZMAN, | |
| Appellants, | |
| v. | **M E M O R A N D U M**[1] |
| RECONTRUST COMPANY, | |
| Appellee. | |

Argued and Submitted on February 24, 2012,
at Pasadena, California

Filed - May 15, 2012

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Catherine E. Bauer, Bankruptcy Judge, Presiding

Appearances:     Humberto and Fidelia Guzman, appellants, argued pro se; Melissa Robbins Coutts of McCarthy & Holthus, LLP, argued for appellee, ReconTrust Company.

Before: KIRSCHER, MARKELL, and HOLLOWELL, Bankruptcy Judges.

---

    [1]  This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

Appellants, chapter 7[2] debtors Humberto and Fidelia Guzman ("Guzmans"), appeal an order from the bankruptcy court denying their motion for contempt and an order denying their motion to reconsider. We AFFIRM.[3]

## I. FACTUAL AND PROCEDURAL BACKGROUND

Guzmans filed a chapter 7 bankruptcy on January 21, 2011. In their Schedule A, filed on February 3, 2011, Guzmans reported a fee interest in their residence with a current value of $100,000 and a $380,000 secured claim against it (the "Property"). Guzmans did not report the secured claim against the Property in their Schedule D, but rather reported it as an unsecured claim in their Schedule F. The "unsecured" claim holder was Bank of America. The chapter 7 trustee filed a no-asset report on March 7, 2011. Guzmans received their discharge on May 12, 2011.

On May 16, 2011, Guzmans filed a motion for contempt under § 105, contending that Recon, "a subsidiary of Bank of America,"

---

[2] Unless specified otherwise, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The Federal Rules of Civil Procedure are referred to as "FRCP."

[3] Appellee, ReconTrust Company ("Recon"), filed a Request for Judicial Notice, which includes a copy of Bank of America's recorded deed of trust (f/k/a Countrywide Home Loans Servicing LP) dated June 13, 2007, and a copy of the recorded Substitution of Trustee and Assignment of Deed of Trust. Recon did not file anything in opposition to Guzmans' contempt motion or appear at the hearing. Recon does not deny receiving notice of the contempt hearing.
The Panel is free to take judicial notice of matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 689-90 (9th Cir. 2009). Recon's request is apparently an attempt to enter documents in the record it inexplicably failed to submit in the bankruptcy court. As such, we DENY Recon's request. In any event, the documents at issue are not necessary for our determination of this appeal.

-2-

violated the discharge injunction by advertising on its website a non-judicial foreclosure sale of the Property. The sale was scheduled for May 19, 2011. Guzmans alleged that they viewed Recon's website on May 14, 2011, and saw the "illegal" scheduled sale. Guzmans argued that because they reported the $380,000 claim as unsecured and no one objected, the debt was discharged on May 12, 2011. Therefore, contended Guzmans, Recon's advertisement violated the discharge injunction. In support of the contempt motion, Guzmans included an undated print-out of the sale advertisement and a declaration stating that they viewed the Recon website on May 14, 2011.

Guzmans filed a notice of hearing with their motion but, according to Guzmans, the matter was not calendared. Guzmans contend they appeared at the bankruptcy court on June 22, 2011, for what they thought was a hearing on their contempt motion. At the end of that day's calendar, the court asked Guzmans why they were there. Guzmans explained that their motion was scheduled to be heard that morning. The court informed Guzmans that it had not been calendared. In any event, the court reviewed the moving papers and proceeded to rule on the contempt motion.[4] Recon did not appear.

At the hearing, Guzmans admitted taking out a loan on the Property, that they were not making any payments on it, and that only Recon was trying to foreclose. Guzmans contended that the

[4] None of the above dialogue with the bankruptcy court is on the record. This is Guzmans' account of what happened. In its order on the motion to reconsider, the bankruptcy court countered Guzmans' account of what happened at the June 22 hearing, stating that the contempt motion was set for hearing, reviewed on the merits, and denied on the merits.

-3-

$380,000 lien against the Property was unsecured because they scheduled it as such, no one challenged it, and no one filed a proof of claim asserting otherwise. According to Guzmans, the $380,000 debt was discharged on May 12, therefore, a sale set for May 19 violated the injunction. The bankruptcy court explained that simply listing the debt as unsecured did not make it so and did not void Bank of America's deed of trust.

The bankruptcy court orally denied the contempt motion. It determined that Recon was entitled to foreclose and that it had not violated the discharge injunction based on the evidence submitted by Guzmans. The court was to prepare the order.

On July 5, 2011, Guzmans filed a motion to reconsider the "contempt order," which had not yet been entered. The next day on July 6, 2011, the bankruptcy court entered the contempt order. It did not address the pending motion to reconsider. On July 18, 2011, Guzmans filed their notice of appeal of the contempt order. The appeal was ineffective because no order had yet been entered on their timely motion to reconsider. See Rule 8002(b). In response to our February 1, 2012 order, on February 14, 2012, the bankruptcy court entered an order denying the motion to reconsider for Guzmans' failure to establish any grounds to grant it. As a result, Guzmans' premature notice of appeal was deemed timely, and we now have jurisdiction over this matter.

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 157(b)(2)(O) and 1334. We have jurisdiction under 28 U.S.C. § 158.

-4-

## III. ISSUES

1.   Did the bankruptcy court abuse its discretion when it denied the motion for contempt?

2.   Did the bankruptcy court abuse its discretion when it denied the motion to reconsider?

## IV. STANDARD OF REVIEW

The bankruptcy court's ruling on a motion for contempt is reviewed for an abuse of discretion.  FTC v. Affordable Media, 179 F.3d 1228, 1239 (9th Cir. 1999).  Denial of a motion for reconsideration is also reviewed for an abuse of discretion. Ta Chong Bank Ltd. v. Hitachi High Techs. Am., Inc., 610 F.3d 1063, 1066 (9th Cir. 2010).  To determine whether the bankruptcy court abused its discretion, we conduct a two-step inquiry: (1) we review de novo whether the bankruptcy court "identified the correct legal rule to apply to the relief requested" and (2) if it did, whether the bankruptcy court's application of the legal standard was illogical, implausible or "without support in inferences that may be drawn from the facts in the record." United States v. Hinkson, 585 F.3d 1247, 1261-62 (9th Cir. 2009) (en banc).  The Panel may affirm on any ground fairly supported by the record.  In re Warren, 568 F.3d 1113, 1116 (9th Cir. 2009).

## V. DISCUSSION

**A.   Governing law.**

Section 524(a)(2) provides that a discharge "operates as an injunction against the commencement or continuation of an action . . . to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived[.]"

Procedurally, an alleged violation of the discharge injunction is pursued, as in this case, by a motion invoking the contempt remedies allowed for in § 105(a).[5]  See Walls v. Wells Fargo Bank, N.A., 276 F.3d 502, 509-10 (9th Cir. 2002).  In order to be subject to sanctions for violating the discharge injunction, a party's violation must be "willful."  The Ninth Circuit applies a two-part test to determine whether the willfulness standard has been met: (1) did the alleged offending party know that the discharge injunction applied; and (2) did such party intend the actions that violated the discharge injunction?  Zilog, Inc. v. Corning (In re Zilog, Inc.), 450 F.3d 996, 1007 (9th Cir. 2006); Hardy v. United States (In re Hardy), 97 F.3d 1384, 1390 (9th Cir. 1996).  The moving party must prove by clear and convincing evidence that the creditor violated the order.  In re Zilog, Inc., 450 F.3d at 1007; In re Bennett, 298 F.3d 1059, 1069 (9th Cir. 2002).

Notably, and what is important here, the bankruptcy discharge "extinguishes only one mode of enforcing a claim - namely, an action against the debtor in personam - while leaving intact another - namely, an action against the debtor in rem."  Johnson v. Home State Bank, 501 U.S. 78, 84 (1991).  In other words, a

---

[5] Section 105(a) describes the power of courts and states:

The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.  No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

creditor may not take any actions to collect from the debtor personally following the discharge, but the discharge does not prevent the creditor from proceeding against the property securing the debt. See id. at 83.

**B. Analysis.**

    **1. The bankruptcy court did not abuse its discretion in denying the contempt motion.**

    At the hearing on the motion for contempt, Guzmans contended that Recon could not foreclose on the Property because their loan was not with Recon. Hr'g Tr. (June 22, 2011) 2:4-12. Guzmans admitted to taking out a purchase money loan on the Property, that they had not been paying on the loan, and that no one other than Recon was trying to foreclose. Id. at 2:13-19. Guzmans further admitted owing approximately $400,000 on the loan, but claimed the Property's value is now worth less than $100,000. Id. at 3:13-24. Guzmans argued that the debt to Bank of America was discharged because they had scheduled it as unsecured and no one had challenged it. Based upon the evidence, the bankruptcy court denied the motion determining that Guzmans had failed to prove any violation of the discharge injunction. Id. at 5:7-12.

    Recon is the trustee of the deed of trust in favor of Bank of America on Guzmans' Property. Guzmans have not denied that Bank of America holds a first deed of trust on the Property. What they do contend is that the debt owed to Bank of America was unsecured and discharged by court order on May 12, 2011. Therefore, argue Guzmans, the bankruptcy court should have granted the contempt motion. We disagree.

    A secured lien passes through bankruptcy unaffected unless

-7-

affirmative action is taken to avoid it. Long v. Bullard, 117 U.S. 617, 620-21 (1886); Dewsnup v. Timm, 502 U.S. 410, 418 (1992); In re Brawders, 503 F.3d 856, 867 (9th Cir. 2007); § 506(d)(2). Guzmans' attempt to turn a secured lien into an unsecured one by listing it as unsecured and disputed in their Schedule F had no effect. Merely scheduling a claim as unsecured does not "avoid" the lien. In any event, as chapter 7 debtors, Guzmans have no ability to avoid or "strip off" Bank of America's lien, which is what appears they were trying to do. Therefore, Bank of America's lien remained secured despite Guzmans' efforts.

Furthermore, contrary to Guzmans' contention, no proof of claim had to be filed to preserve Bank of America's secured lien against the Property. In re Brawders, 503 F.3d at 872 (unlike unsecured creditors, secured creditors may ignore the bankruptcy proceedings and look to the lien for satisfaction of the debt); Cen-Pen Corp. v. Hanson, 58 F.3d 89, 93 (4th Cir. 1995) (interpreting § 506(d)(2) to conclude that failure of secured creditor to file a proof of claim is not a basis for avoiding its lien); In re Meadowbrook Estates, 246 B.R. 898, 902 (Bankr. E.D. Cal. 2000)("A secured creditor is not required to file a proof of claim. And if it chooses to not file a claim, its lien will pass through the bankruptcy and remain in place."). Therefore, despite not filing a proof of claim or challenging Guzmans' scheduling of the debt as unsecured, Recon's right to foreclose on the Property (on behalf Bank of America) survived the bankruptcy.

Because the discharge injunction did not apply to Recon with respect to foreclosing on the Property, Recon's actions to foreclose could not have violated it. Guzmans offered nothing to

-8-

show that Recon's actions were an attempt to collect on a debt against them <u>personally</u>. As a result, Guzmans could not prove by clear and convincing evidence that Recon violated the discharge injunction. Accordingly, the bankruptcy court did not abuse its discretion in denying the contempt motion.

**2. The bankruptcy court did not abuse its discretion in denying the motion to reconsider.**

Due to the procedural irregularities in this case, Guzmans did not address in their opening brief how the bankruptcy court abused its discretion by denying their motion to reconsider. Because of the irregularities and Guzmans' pro se status, we review the record to see if it supports the bankruptcy court's denial of the motion. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)(we generally construe pro se appellant's briefs liberally). We agree with the bankruptcy court that Guzmans' motion to reconsider fell under Rule 9023, which incorporates FRCP 59(e). A motion under FRCP 59(e) should not be granted, absent highly unusual circumstances, unless the court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law. 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999). A motion for reconsideration is not for rehashing the same arguments made the first time, or to assert new legal theories or new facts that could have been raised at the initial hearing. In re Greco, 113 B.R. 658, 664 (D. Haw. 1990), aff'd and remanded, Greco v. Troy Corp., 952 F.2d 406 (9th Cir. 1991).

Much of what Guzmans raised in the motion to reconsider was merely a rehashing of the same arguments raised in the contempt

-9-

motion. Guzmans again asserted that a proof of claim had to be filed, that the debt was discharged, and that Recon's foreclosure actions violated the discharge injunction. These arguments were improper and, as we have already stated above, they also lack merit. Guzmans also attempted to contest Recon's standing as the real party in interest to foreclose on the Property. Not only was this a new legal theory that could have been raised before, it goes beyond the scope of the motion for contempt. Accordingly, because Guzmans failed to establish grounds for reconsideration, the bankruptcy court did not abuse its discretion in denying the motion to reconsider.

## VI. CONCLUSION

Based on the foregoing reasons, we AFFIRM.