**ALL HAWAII TOURS, CORP., a Hawaii corporation, Plaintiff,**

v.

**POLYNESIAN CULTURAL CENTER, a Hawaii non-profit corporation, Defendant.**

**Civ. No. 85–1490.**

United States District Court, D. Hawaii.

Aug. 14, 1987.

Wayne M. Pitluck, Thomas K. Kaulukukui, Jr., Alan T. Kido, Honolulu, Hawaii, for plaintiff.

James E.T. Koshiba, Koshiba & Young, Honolulu, Hawaii, Lance B. Wickman, Richard A. Conn, Jr., Lathan & Watkins, San Diego, Cal., for defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR ORDER DETERMINING ATTORNEY'S FEES AND COSTS

PENCE, Senior District Judge.

On May 13, 1987, this court entered its order granting summary judgment to defendant as to Count I of the complaint, and dismissing Counts II and III. A final judgment in favor of defendant was entered on May 14, 1987. On May 29, 1987, plaintiff filed a thirty-five page motion to alter or amend this court's findings of fact, conclusions of law, and judgment, supported by six exhibits. Plaintiff brought this motion pursuant to Fed.R.Civ.P. 52(b) and Fed.R.

Civ.P. 59(e). Plaintiff also filed a motion for leave to file an amended complaint. Defendant filed oppositions to both motions on June 12, 1987.

On June 16, 1987, this court entered its order denying plaintiff's motion to alter or amend on the grounds that plaintiff had failed to demonstrate a proper ground for bringing the motion, and that the motion itself was meritless. The court held that the motion had been signed in violation of Fed.R.Civ.P. 11, and awarded sanctions to defendant in the amount of reasonable attorneys' fees incurred in opposing it. The order further established a procedure to determine the reasonableness of the fees incurred.

On June 26, 1987, defendant filed an affidavit of counsel detailing the fees and costs incurred in responding to plaintiff's motions. The parties apparently were unable to agree as to the reasonableness of the fees, and defendant filed the instant motion for an order determining attorney's fees and costs. Plaintiff filed a memorandum in opposition to defendant's motion. The parties waived oral argument, and the court took the matter under submission.

Plaintiff principally contends that the court should award zero fees because plaintiff's motion to alter or amend was completely proper. This contention is not correct.

1. *Rule 52(b)*

Plaintiff asserts that, because this court stated that it "finds, concludes, and decides as follows," in the summary judgment order, plaintiff may bring a motion pursuant to Rule 52(b) to amend the court's findings. Rule 52(a) requires district courts to make findings of fact in "all actions tried upon the facts without a jury or with an advisory jury" and in "granting or refusing interlocutory injunctions." The rule specifically provides that such findings of fact are unnecessary on decisions of summary judgment motions.

■ While findings of fact under Rule 52(a) are unnecessary on decisions of mo-

tions for summary judgment, they are permissible and helpful for appellate review. *Gaines v. Haughton*, 645 F.2d 761, 768 n. 13 (9th Cir.1981), *cert. denied*, 454 U.S. 1145, 102 S.Ct. 1006, 71 L.Ed.2d 297 (1982). Findings of fact on summary judgment perform the narrow functions of pinpointing for the appellate court those facts which are undisputed and indicating the basis for summary judgment. *Heiniger v. City of Phoenix*, 625 F.2d 842, 843 (9th Cir.1980). However, they are not findings of fact in the strict sense that the trial court has weighed evidence and resolved disputed factual issues. *Gaines*, 645 F.2d at 768 n. 13; *Heiniger*, 625 F.2d at 843. A motion to amend findings under Rule 52(b) does not lie where findings of fact are unnecessary under Rule 52(a). *See Bright v. Bechtel Petroleum, Inc.*, 780 F.2d 766, 772 (9th Cir.1986).

■ Plaintiff's tacit premise is that, where the district court makes "findings" in deciding a summary judgment motion, the use of the term "findings" alone converts such findings into findings of fact made pursuant to Rule 52(a), therefore the Rule 52(b) procedure to amend such findings becomes available. This is not correct. If plaintiff's premise were correct, then "findings" on summary judgment decisions, converted into Rule 52(a) findings of fact, also would be reviewed pursuant to the "clearly erroneous" standard set forth in Rule 52(a). This is clearly not the law. *See Heiniger*, 625 F.2d at 843–44; *see also Jenney v. United States*, 755 F.2d 1384, 1386 (9th Cir.1985).

2. *Rule 59(e)*

■ Plaintiff also asserts that this court's judgment was subject to a motion to alter or amend pursuant to Rule 59(e). A litigant may move the court to reconsider a grant of summary judgment pursuant to Rule 59(e) or Rule 60(b). However, to avoid being frivolous, such a motion must provide a valid ground for reconsideration. *See MGIC Indemnity Corp. v. Weisman*, 803 F.2d 500, 505 (9th Cir.1986).

■ A motion for reconsideration must do two things. First, it must demonstrate some reason why the court should reconsider its prior decision. Second, it must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D.Cal.1986); *see also Major v. Benton*, 647 F.2d 110, 112 (10th Cir.1981).

Defendant opposed plaintiff's motion to alter or amend, inter alia, on the ground that plaintiff had failed to provide any justification for the motion. This court agreed. Nevertheless, in asserting that no sanctions should be assessed, plaintiff still fails to provide any justification for bringing the motion.

### A. *"New" Evidence*

Plaintiff asserts that it is "absolutely proper" for it to urge the court to reconsider its reliance upon *Illinois Corporate Travel v. American Airlines*, 806 F.2d 722 (7th Cir.1986), and that it was justified in presenting copies of lower court decisions [1] in, and an affidavit of counsel pertaining to, that case. By implication then, plaintiff desired that the court reconsider its decision based upon this "new" evidence.

■ To support a motion for reconsideration of a grant of summary judgment based upon newly discovered evidence, the movant is obliged to show not only that this evidence was newly discovered or unknown to it until after the hearing, but also that it could not with reasonable diligence have discovered and produced such evidence at the hearing. *Engelhard Industries, Inc. v. Research Instrumental Corp.*, 324 F.2d 347, 352 (9th Cir.1963),

*cert. denied*, 377 U.S. 923, 84 S.Ct. 1220, 12 L.Ed.2d 215 (1964). If the proffered evidence was available before disposition of the motion for summary judgment, then as a matter of law the movant is not entitled to reconsideration based upon that evidence. *Trentacosta v. Frontier Pac. Aircraft Industries*, 813 F.2d 1553, 1557–58 n. 4 (9th Cir.1987); *Frederick S. Wyle P.C. v. Texaco, Inc.*, 764 F.2d 604, 609 (9th Cir. 1985).

■ Here, plaintiff failed completely to demonstrate that the evidence could not have been obtained before the hearing of the summary judgment motion. The two district court orders were dated September 16, 1985, and January 8, 1986, respectively. The declaration appears to have been prepared in 1985. Thus the evidence existed long before the May 5, 1987 hearing on the motion for summary judgment. The only explanation offered for not presenting the evidence in opposition to the summary judgment motion was that counsel did not appreciate the significance of the *Illinois Corporate Travel* case until too late. Such a lapse in judgment on the part of counsel is not grounds for reconsideration.

### B. *Clear Error of Law*

■ The main thrust of plaintiff's motion to alter or amend was that this court had made both factual and legal errors and mistakes, and therefore should reverse its decision. In this circuit, a motion for reconsideration may be brought on the basis of judicial mistakes, as well as mistakes of a party or his counsel. *Liberty Mutual Insurance Co. v. E.E.O.C.*, 691 F.2d 438, 441 (9th Cir.1982). However, a motion for reconsideration that presents no arguments that have not already been raised in opposition to summary judgment should be denied. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir.1985); *see Bronson v. Swinney*, 648 F.Supp. 1094, 1102–03 (D.Nev.1986).

**1.** Plaintiff states that it "attached as exhibits *filed-stamped* copies of the lower court decisions in that case." [emphasis added]. The exhibits were *not* "filed-stamped," which illus-trates counsel's troubling tendency to play fast and loose with the facts and to mischaracterize matters in his pleadings.

■ Thus, to the extent plaintiff reiterated arguments made in opposition to the summary judgment motion, the motion to alter or amend had no valid legal basis. In addition to its old arguments, plaintiff asserted for the first time the theory that defendant was illegally fixing the prices of transportation.

■ However, a litigant is not permitted to assert new arguments seriatim, after losing at summary judgment. *See Fay Corp. v. Bat Holdings I, Inc.,* 651 F.Supp. 307, 308–09 (W.D.Wash.1987). A motion for reconsideration is an improper vehicle to tender new legal theories not raised in opposition to summary judgment. *Rudell v. Comprehensive Accounting Corp.,* 802 F.2d 926, 933 (7th Cir.1986), *cert. denied,* —— U.S. ——, 107 S.Ct. 1351, 94 L.Ed.2d 521 (1987). The failure to raise the issues in opposition to summary judgment operates as a waiver. *Publishers Resource v. Walker-Davis Publications,* 762 F.2d 557, 561 (7th Cir.1985).

■ Plaintiff in essence sought to bring a completely different lawsuit, having lost its original suit at summary judgment. Permitting such a procedure would completely vitiate the efficacy of Rule 56, and is not warranted by existing law.

### 3. *Sanctions under Rule 11*

■ Fed.R.Civ.P. 11 empowers this court to award sanctions on two grounds: (1) for signing a paper that is frivolous, legally unreasonable, or without factual foundation; or (2) for interposing a paper for an improper purpose. *Hewitt v. City of Stanton,* 798 F.2d 1230, 1232 (9th Cir. 1986); *Zaldivar v. City of Los Angeles,* 780 F.2d 823, 831 (9th Cir.1986). Both grounds are to be tested by an objective "reasonableness" standard. *Zaldivar,* 780 F.2d at 829, 831. Subjective bad faith is not required. *Unioil, Inc. v. E.F. Hutton & Co., Inc.,* 809 F.2d 548, 557 (9th Cir.1986); *Hewitt,* 798 F.2d at 1233; *Zaldivar,* 780 F.2d at 829.

■ Plaintiff's motion could not properly be made under Rule 52(b), and was made without a valid ground under Rule 59(e). Thus, the motion was frivolous and legally unreasonable, within the meaning of Rule 11 and Ninth Circuit case law, on a broad conceptual basis. Plaintiff's counsel should have been aware of the deficiencies of his motion had a reasonable inquiry been made.

In fact, counsel need have made no further inquiry than reading one of the cases he cited in the motion to alter or amend. In *Huff v. Metropolitan Life Ins. Co.,* 675 F.2d 119 (6th Cir.1982), the court of appeals affirmed a grant of summary judgment and denial of a Rule 59(e) motion to reconsider. The court held that a Rule 59(e) motion that attempts to demonstrate a new theory is properly denied. 675 F.2d at 123 n. 6. Additionally, the court held that the district court had properly refused to consider evidence presented in the motion because the evidence was not "newly discovered." 675 F.2d at 123.

■ Additionally, as the court previously held, the individual points raised in plaintiff's motion were meritless. By way of example, plaintiff contested the court's finding that "[t]he PCC tariff includes the cost of motorcoach transportation from Waikiki, which defendant claims is set by the Hawaii Public Utilities Commission." Plaintiff demanded that the court amend this finding because the "underlying factual assertion is false, however, for the Hawaii PUC does *not* set these or other rates for transportation." At the time of the summary judgment hearing, *no* evidence had been presented to the court concerning whether or not the PUC set rates for transportation. The fact that defendant claimed that the PUC did set such rates was important only to understand defendant's position that discounting of PCC admission tickets had occured. The phrase "the defendant claims" expressly avoids agreement or disagreement with defendant's claim, so plaintiff's complaint about this finding had absolutely no merit.

The contentions, of which the example above is representative, raised by plaintiff can hardly be characterized as well ground-

ed in fact. A review of their merits reveals the frivolous nature of plaintiff's contentions, rendering sanctions appropriate. *See Smith v. United Transp. Union Local No. 81,* 594 F.Supp. 96, 101 (S.D.Cal.1984).

In addition to making frivolous complaints about the court's factual findings, plaintiff made a series of arguments, purporting to distinguish the facts of this case from the "new facts" plaintiff presented from the *Illinois Corporate Travel* case. The court found these arguments to be so disingenuous and misleading as to rise to the level of attempting to perpetrate a fraud on the court. For example, plaintiff argued,

> 4. Air carriers are not in competition with travel agents in the provision of air transportation. At no time does the travel agent compete with the airlines. Taylor Affidavit, ¶ 6. By contrast, Defendant PCC competes with Plaintiff and other tour companies through direct sales to tourists, and through PCC Properties, Inc., its wholly-owned subsidiary.

Plaintiff was comparing apples and oranges. As between airlines and travel agents, only airlines provide air transportation services. But they both sell tickets. Here, as between defendant and the tour companies, only defendant provides the entertainment services offered inside defendant's facility, including the walking tours and the shows. But they both sell tickets. The situations are parallel, yet plaintiff twisted and distorted the facts attempting to create an apparent contrast. Again, this argument is a fair example of the arguments plaintiff pressed upon the court. Such a reckless and disingenuous presentation of the case has been held to be a violation of Rule 11, warranting sanctions. *See Lyle v. Charlie Brown Flying Club, Inc.,* 112 F.R.D. 392, 399, 401 (N.D.Ga. 1986); *see also WSB Elec. v. Rank & File Com. to Stop 2–Gate System,* 103 F.R.D. 417, 420 (N.D.Cal.1984).

However, there is some dissension in the Ninth Circuit concerning the application of Rule 11 to misrepresentations made by counsel. As an officer of the court, an attorney has a duty of good faith and candor in dealing with the judiciary. *United States v. Associated Convalescent Enterprises, Inc.,* 766 F.2d 1342, 1346 (9th Cir. 1985). In *Golden Eagle Distributing Corp. v. Burroughs Corp.,* 103 F.R.D. 124 (N.D.Cal.1984), the defendant brought a motion to dismiss premised on "well-settled" Minnesota law, which the district court denied, inviting briefs on sanctions. In opposing sanctions, defendant's counsel represented their position in the motion to dismiss as an argument for the extension of existing law. The district court held that counsel had violated their duty of candor toward the court in the motion to dismiss, misstating the law and misleading the court by presenting as existing law what should have been presented as an extension of the law. 103 F.R.D. at 128. The court also imposed sanctions for failure to cite controlling adverse authority. *Id.*

The Ninth Circuit reversed. *Golden Eagle Distributing Corp. v. Burroughs Corp.,* 801 F.2d 1531 (9th Cir.1986). The panel, composed of Circuit Judges Schroeder, Reinhardt, and Beezer, opined that Rule 11 did not incorporate a requirement that counsel identify which arguments are based on existing law and which are based on an extension of the law. 801 F.2d at 1540. The panel also reversed the sanction for failure to cite adverse authority. 801 F.2d at 1542. The panel provided a caveat,

> [W]e do not suggest that the court is powerless to sanction lawyers who take positions which cannot be supported. A lawyer should not be able to proceed with impunity in real or feigned ignorance of authorities which render his argument meritless. *Id.*

A sua sponte request for en banc hearing was denied. However, Circuit Judges Noonan, Sneed, Anderson, Hall, and Kozinski published their vigorous dissent from the denial of en banc hearing. *Golden Eagle Distributing Corp. v. Burroughs Corp.,* 809 F.2d 584 (9th Cir.1987). The dissenters point out the ways in which the panel distorted the district judge's decision and the difficulties with the panel's treatment of

Rule 11. They state the position that the truth or falsity of a statement is not merely the manner in which a position is presented. A misstatement is not warranted and should be sanctionable. 809 F.2d at 585. The court further stated that an untruthful brief is, objectively, a brief whose purpose is to mislead the court. Misleading the court is an "improper purpose" within the second prong of Rule 11 and is subject to sanctions. 809 F.2d at 586.

▮▮▮ In opposing sanctions here, counsel states that the motion to alter or amend was prepared in good faith and that he holds the good faith belief that the motion was well grounded in fact and warranted by existing law or a good faith argument for a change in existing law. He denies any intent to mislead the court, falsely certify any matter, or perpetrate a fraud on the court. Unfortunately, counsel relies upon an inappropriate standard. Rule 11 no longer requires subjective bad faith, but tests the knowledge of the signing attorney by an objective reasonableness standard. *Zuniga v. United Can Co.,* 812 F.2d 443, 452 (9th Cir.1987). Counsel can no longer avoid the sting of Rule 11 sanctions by operating under the guise of a pure heart and empty head. *Id.* The standard is objective because, as this case demonstrates, there is no position—no matter how absurd—of which an advocate cannot convince himself. *Lyle, supra,* 112 F.R.D. at 398.

Nor can counsel's perfunctory assertion that his papers were warranted by a good faith argument for a change in existing law insulate him from Rule 11. His difficulty is that he did not advance an argument for the change of existing law, but attempted to squeeze the facts of this case into the mold of existing law by a wholly reckless and disingenuous presentation of the case. Sanctions are appropriate. *WSB Elec., supra,* 103 F.R.D. at 420; *Lyle, supra,* 112 F.R.D. at 399.

Plaintiff also attempts to persuade this court not to impose sanctions by submitting copies of its counsel's firm resume, a letter appointing counsel as a disciplinary board member, an order appointing counsel to the board of examiners, and a certificate of appreciation for counsel's service on the board of examiners. Exactly what plaintiff would have this court make of these exhibits is unclear. If they are offered as evidence of counsel's character to show that counsel did not violate Rule 11, their submission simply demonstrates that counsel's facility with the rules of evidence is comparable to his facility with the rules of civil procedure. *See* Fed.R.Evid. 404(a).

▮▮▮ Having considered all the circumstances of this case, the court holds, in accordance with the court's June 16, 1987 order, that plaintiff's counsel violated Rule 11 by signing and filing the motion to alter or amend. First, the motion was objectively frivolous and legally unreasonable because it was made without a proper ground for seeking the requested relief. Second, the motion was also objectively frivolous in the specific contentions it raised, which had no merit. Third, the motion was also objectively made with the improper purpose of misleading the court as evidenced by the reckless and disingenuous presentation of the case. The court adopts the position advanced in *Golden Eagle Distributing Corp. v. Burroughs Corp.,* 809 F.2d 584 (9th Cir.1987) with respect to the third ground for imposing sanctions under Rule 11 here. Therefore, the court reaffirms its award of reasonable attorneys' fees incurred in opposing the motion to defendants.

### 4. *Reasonableness of Attorneys' Fees*

▮▮▮ An essential inquiry in the matter of sanctions is into the reasonableness of the claimed fees. *Matter of Yagman,* 796 F.2d 1165, 1185 (9th Cir.1986), *modified,* 803 F.2d 1085 (9th Cir.1986). The factors involved in evaluating attorneys' fees are: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed

or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir.1975), *cert. denied*, 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976).

▪ There is no need to rigidly apply all of the *Kerr* factors, but the court must make some evaluation of the fee breakdown submitted by counsel. *Yagman, supra*, 796 F.2d at 1185; *Orange Production Credit v. Frontline Ventures Ltd.*, 792 F.2d 797, 801 (9th Cir.1986). Defendant's counsel request an award of fees and costs incurred in responding to both the motion to alter or amend and the motion for leave to file an amended complaint, in the amounts of $20,987.00 and $814.00, respectively. The court earlier declined to impose sanctions for the motion for leave to file an amended complaint, and adheres to that decision.

▪ Defendant's counsel represent that, with respect to the motion to alter or amend alone, defendant incurred $11,910.00 in fees. This represents 61.2 hours of partners' time at $150.00 per hour, 12.5 hours of associate's time at $85.00 per hour, and 22.25 hours of paralegal's time at $75.00 per hour. Actually, the court calculates that counsel is short-changing himself by $1.25, but will accept his figure. The time and effort spent were reasonable in light of the motion to alter or amend. The motion was thirty-five pages in length and supported by eighty-seven pages of exhibits. The motion raised approximately twenty factual "errors" by this court, arguments concerning the narrowness of the court's inquiry, a series of arguments concerning legal issues ignored by the court, a series of arguments pertaining to the court's conclusions and characterizations, approximately thirteen purported factual distinctions between this case and *Illinois Corporate Travel*, and a lengthy argument con-

cerning the intra-enterprise conspiracy doctrine. The time and effort required to respond were increased by the fact that plaintiff had provided essentially no legal authority for bringing the motion.

The hourly rates are reasonable, except that for paralegal time, which the court reduces to $50.00 per hour. The circumstances required counsel to respond very quickly, dealing almost exclusively with this matter during that period of time. The opposition achieved its desired results. The experience, reputation, and ability of defendant's counsel are obviously first rate. This court awards defendant reasonable attorneys' fees in the amount of $11,-353.75 and $407.00 in costs, for a total award of $11,760.75.

SO ORDERED.