**DALE AND SELBY SUPERETTE & DELI, Bassam Hasan, Hyatt Taweelah and Adel Taweelah, Plaintiffs,**

v.

**UNITED STATES DEPARTMENT OF AGRICULTURE, Defendant.**

Civ. No. 4–93–738.

United States District Court,
D. Minnesota,
Fourth Division.

Dec. 14, 1993.

Mark David Luther, Luther Law Office, St. Louis Park, MN, for plaintiffs.

Francis X. Hermann, U.S. Atty., and Mary E. Carlson, Asst. U.S. Atty., Minneapolis, MN, for defendant.

**ORDER**

DOTY, District Judge.

This matter is before the court on defendant's motion for amended findings and judg-

ment in the court's order of November 2, 1993. 836 F.Supp. 669. Based on a review of the file, the record and proceedings herein, the court denies defendant's motion.

## BACKGROUND

This action originally came before the court when plaintiffs sought judicial review of a temporary disqualification from participation in defendant Department of Agriculture's Food Stamp Program. Plaintiffs are a St. Paul convenience store and its owners and managers. The Department's Food and Nutrition Service ("FNS"), which administers the Food Stamp Program, had ordered an investigation of alleged food stamp trafficking at the store. The FNS Compliance Branch conducted an investigation which did not substantiate this serious charge. However, for unstated reasons, further investigations were conducted into the store's compliance with FNS regulations. In eight of twelve attempts FNS investigators were able to purchase ineligible items using food stamps. As a result of these violations, FNS disqualified plaintiffs from participation in the program for six months.

Plaintiffs sought judicial review of this disqualification sanction. The parties agreed to file cross-motions for summary judgment on an expedited briefing schedule set forth in the court's order dated September 24, 1993. Response memoranda were specifically included in the scheduling order. Defendant filed a memorandum and affidavit in support of its motion for summary judgment on October 6, 1993, and a response memorandum in opposition to plaintiffs' motion on October 12, 1993.

Upon careful consideration of the parties' memoranda and affidavits, the court found that, under the law of the Eighth Circuit, the imposition of a six-month disqualification sanction was arbitrary and capricious on two grounds. First, FNS had not made significant efforts at bringing about compliance through the imposition of a lower level sanction. Second, FNS apparently violated its own procedures. The court found it particularly important that FNS correspondence to plaintiffs erroneously stated that plaintiffs had been given prior oral and written warn-

ings of possible violations and the potential consequences for them. The court was not persuaded by defendant's explanation that this was merely a typographical error. The court ordered FNS to substitute a warning letter for the six-month disqualification and the reinstatement of plaintiffs in the Food Stamp Program. FNS has complied with that order.

Defendant now asks the court to amend its findings and judgment pursuant to Rules 52 and 59 of the Federal Rules of Civil Procedure, claiming that the court misconstrued the regular practices and procedures of FNS in imposing sanctions. Defendant submits for the first time the FNS Handbook and the affidavit of the FNS official actually responsible for the imposition of the disqualification sanction.

## DISCUSSION

■ Defendant's motion is brought pursuant to Fed.R.Civ.P. 52(b) and 59(e) which allows a party to file a motion for amended findings within 10 days after the entry of judgment. Defendant's motion is timely. "A motion for reconsideration must demonstrate two things. First, it must demonstrate some reason why the court should reconsider its prior decision. Second, it must set forth facts or law of a strongly convincing nature . . ." *All Hawaii Tours v. Polynesian Cultural Center,* 116 F.R.D. 645, 649 (D.Hawaii, 1987).

The court construes defendant's Rule 52 motion to be based on a "question of the sufficiency of the evidence to support the findings." Fed.R.Civ.P. 52(b). "The purpose of motions to amend is to correct manifest errors of law or fact or, in some limited situations, to present newly discovered evidence." *Fontenot v. Mesa Petroleum Co.,* 791 F.2d 1207 (5th Cir.1986). A Rule 52 motion is intended to "correct findings of fact which are central to the ultimate decision." *Adams v. James,* 526 F.Supp. 80, 86 (D.C.Ala.1981) (citing *Davis v. Mathews,* 450 F.Supp. 308, 318 (E.D.Cal.1978)).

■ A Rule 59 motion in a nonjury case may be granted when "evidence has been admitted or excluded improperly, evidence

has been newly discovered, or improper actions of counsel have affected the outcome of the case." *Id.* However, "a motion to amend should [not] be employed to introduce evidence that was available at trial but was not proffered, to relitigate old issues, to advance new theories, or to secure a rehearing on the merits." *Fontenot,* 791 F.2d at 1219. To constitute a proper basis for a Rule 59 motion, any newly discovered evidence must also be of a sort that could not have been discovered with reasonable diligence prior to the court's initial judgment. *All Hawaii Tours,* 116 F.R.D. at 649. "If the proffered evidence was available before disposition of [a] motion for summary judgment, then as a matter of law the movant is not entitled to reconsideration based upon that evidence." *Id.* Just as a party is expected to offer its evidence in support of or in opposition to a motion for summary judgment or lose the right to have that evidence considered, "the failure to raise [an] issue[ ] in opposition to a motion for summary judgment operates a waiver." *Id.* at 650. Thus, a motion made pursuant to Rules 52 and 59 is not intended to routinely give litigants a second bite at the apple, but to afford an opportunity for relief in extraordinary circumstances.

■ Defendant's motion appears to challenge only the finding that FNS had violated its normal procedures. Defendant does not challenge the court's finding that the failure of FNS to ensure compliance through lower level sanctions is evidence which may properly be considered to show that FNS acted arbitrarily and capriciously. *See Studt v. United States,* 607 F.2d 1216, 1218–1219 (8th Cir.1979). The affidavit of Allen Stavig, submitted with this motion, confirms at paragraph 10 that this sanction was imposed with the knowledge that no lower level sanctions had been employed to ensure compliance. Thus, defendant concedes that at least part of the basis for the court's finding that the sanction was improper has a substantial evidentiary foundation.

Defendant contends that the court erred in finding that FNS violated its own guidelines in imposing the six-month disqualification. Defendant asserts that the only evidence before the court was the "uncontroverted affi-davit of Sue Elle" of FNS. Defendant also questions the court's reliance on *Bruno's Inc. v. United States,* 624 F.2d 592 (5th Cir.1980), a case cited by plaintiffs, which defendant claims deals with a previous edition of the FNS Handbook. Defendant now submits a copy of the applicable FNS Handbook in support of its argument that the imposed sanction was appropriate. Defendant acknowledges that this Handbook was not submitted with Elle's affidavit, but offers no explanation for this omission. Defendant does not contend that the Handbook is newly discovered evidence of the type contemplated by Rules 52 and 59. Defendant had ample opportunity to submit the Handbook to the court in conjunction with its original motion for summary judgment or its response memorandum. For whatever reasons it had, defendant chose not to do so. The Handbook clearly existed at the time defendant filed its memorandum in support of its motion for summary judgment. Evidence available at the time of the motions for summary judgment ought to have been presented then. *See All Hawaii Tours,* 116 F.R.D. at 649. Because defendant had that evidence and did not present it in a timely fashion, defendant cannot now, as a matter of law, ask for reconsideration on that basis. *Id.* Thus, there is no proper basis for the court to receive the Handbook as evidence.

The defendant was also on notice through plaintiffs' memorandum in support of their motion for summary judgment that the proper use of the applicable Handbook was at issue. This motion is not the proper time for defendant to seek to argue the significance of Handbook amendments. Any argument defendant now wishes to make on the basis of the Handbook should have been made in conjunction with either its own motion for summary judgment or in opposition to plaintiffs' motion for summary judgment. If the current Handbook specifically renders *Bruno's* no longer relevant, defendant had the opportunity to present that argument and failed to do so. Failure to raise the issue on summary judgment waives the right to raise that issue in the context of a Rule 52 or 59 motion. *All Hawaii Tours,* 116 F.R.D. at 650. The court thus finds that defendant's

claims concerning the Handbook untimely and will not consider them at this time.

Furthermore, defendant is incorrect in asserting that only the Elle affidavit was before the court as evidence. The court found that the FNS letter of March 26, 1993, constituted important evidence of FNS procedures and a departure from them in this case. In that letter FNS erroneously stated that plaintiffs had received prior oral and written warnings. The letter left a blank space where the date of those warnings might have been included. The court found unbelievable defendant's assertion that this letter's reference to earlier written and oral warnings was merely a typographical error. The newly submitted affidavit of Allen Stavig actually confirms this finding. The Stavig affidavit states that the letter was a form letter mistakenly sent. This is clearly not the same as a typographical error. Defendant appears to have abandoned an unpersuasive explanation and to be advancing a new argument at this time. The time for putting this argument forward has clearly passed. Rule 52 and 59 motions are not the place to argue a new theory of the case. *See Fontenot,* 791 F.2d at 1219; *Adams,* 526 F.Supp. at 86. Thus, there exists neither a proper evidentiary nor a proper legal basis for defendant's motion to amend.

In at least two crucial matters the Stavig affidavit supports the court's finding that the six-month disqualification was imposed arbitrarily and capriciously because regular FNS procedures were not followed. Paragraphs 10–11 state that Stavig did not think that plaintiffs had been warned when he determined that a six-month disqualification was appropriate. However, paragraph 11 also states that form letters "are modified to state the specific charges and determinations for each store." Defendant fails to explain how, if it is normal FNS procedure to modify the form letters in each case, the letter sent to plaintiffs was not only the wrong form letter but was also unmodified. Stavig's affidavit asserts that he was not required to first issue a warning letter. Even if this is the case, his affidavit also appears to admit that normal procedures were not followed. There is no other plausible explanation for FNS sending any form letter, much less the wrong one, without conforming it to the specific facts of the case, when FNS procedures call for the modification of a form letter before it is mailed. Stavig's affidavit reveals a scenario of a bureaucratic bungling of an investigation and subsequent sanctioning of a Food Stamp Program participant. The court assumes that this was an aberration, rather than normal procedure. As such, plaintiffs, as the victims of the confusion, are entitled to reinstatement in the program. They should not be subjected to sanctions unless and until normal procedures are actually followed.

Second, at paragraph 9 Stavig states that the Compliance Branch investigation report showed violations of program regulations by two or three clerks. However, the letter sent to plaintiffs stated that eight clerks were involved in ineligible transactions. Stavig's affidavit is offered in support of the propriety of the disqualification sanction. However, it also amounts to an admission that the FNS overstated the nature of the suspected violations when it contacted plaintiffs. In its order dated November 2, 1993, the court expressed its concern about that very aspect of defendant's behavior in this case. The court cannot assume that overstating the nature of violations is FNS practice and must therefore assume that in this instance normal procedures were not followed.

Thus, the court's finding that the March 26, 1993, letter indicated that normal FNS procedure would include the sending of a warning letter was not a "manifest error" of law or fact and ought not be set aside. Defendant failed to submit the FNS Handbook in a timely fashion and cannot now bring it before the court. Furthermore, the Stavig affidavit explaining the imposition of the sanction is untimely because the evidence contained therein is not newly discovered. If defendant had wished the court to consider this evidence it should have submitted it with its own motion for summary judgment or in opposition to plaintiffs' motion. To the extent that the court now receives the Stavig affidavit, the evidence contained therein confirms the court's finding and judgment in two important matters. Therefore, the court will not amend its findings and judgment.

## CONCLUSION

Defendant moves for an amendment of the court's findings and judgment dated November 2, 1993. Defendant's motion is timely, but it improperly seeks to introduce new evidence and new arguments. Furthermore, the affidavit submitted in conjunction with this motion appears at least in part to support the court's findings. Therefore, the court concludes that its findings and judgment dated November 2, 1993, are adequately supported by the evidence and ought not to be amended. Accordingly, IT IS HEREBY ORDERED that defendant's motion for amended findings and judgment is denied.