37 F.3d 1505
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 FIREMAN'S FUND INSURANCE COMPANIES, a California
corporation, Plaintiff-Appellee,
v.
CENTENNIAL BANK, an Oregon corporation, Defendant-Appellant,
and
Zirkle, Long & Trigueiro, CPA's; Carl Long, Defendants.
 No. 93-35156.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 12, 1994.
Decided Oct. 7, 1994.
 
 Before: ALDISERT,* THOMPSON and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Centennial Bank (Centennial) appeals the district court's judgment following a jury verdict in favor of Fireman's Fund Insurance Co. (Fireman's Fund) on claims of negligent misrepresentation and fraud. Because we affirm the judgment on the fraud claim, we do not reach the issues raised by Centennial's challenge to the judgment on the negligent misrepresentation claim.
 
 DISCUSSION
 A. Right-to-Rely Issue
 
 3
 Centennial argues Fireman's Fund had no right to rely on its representations. It contends it raised this issue in the district court in its motions for "Judgment as a Matter of Law." We disagree.
 
 
 4
 Although the district court may have cut off Centennial's counsel when he first attempted to argue that Fireman's Fund had no right to rely on Centennial's representations, the court later reopened argument. Centennial did not argue the right to rely issue. Although it contends the district court directed argument to the scienter issue (to the exclusion of other issues), the record reflects that Centennial's counsel directed the court to the scienter issue when he stated: "Your honor, I think ... their fraud argument is based on a faulty analysis of scienter." The court then engaged in a colloquy with counsel concerning the scienter issue. Following that, the court asked Centennial's counsel, "Anything further on the fraud argument?" Centennial's counsel replied, "No, your Honor."
 
 
 5
 Because the right-to-rely issue was not presented to the district court, we will not consider it on appeal. Murphy v. City of Long Beach, 914 F.2d 183, 186 (9th Cir.1990).
 
 B. Sufficiency of the Evidence
 
 6
 In reviewing the record for sufficiency of the evidence to support a verdict, we may reverse only if "the evidence and its inferences, considered as a whole and viewed in the light most favorable to the nonmoving party, can support only one reasonable conclusion--that the moving party is entitled to judgment notwithstanding the adverse verdict." Kern v. Levolor Lorentzen, Inc., 899 F.2d 772, 775 (9th Cir.1990).
 
 
 7
 Centennial argues the jury's verdict is not supported by sufficient evidence of intent to mislead. In Oregon, " '[t]he requisite intent to mislead consists of a defendant misrepresenting a material fact for the purpose of misleading the other party or with the knowledge he is misleading the other party, or in reckless disregard of the fact he is misleading the other party.' " United States Nat'l Bank of Oregon v. Fought, 630 P.2d 337, 350 (Or.1981) (quoting Elizaga v. Kaiser Found. Hospitals, 487 P.2d 870 (Or.1971)).
 
 
 8
 There was ample evidence that Centennial acted with the requisite intent. Centennial knew Hyland & Sons required performance bonds from Fireman's Fund to secure public works contracts. Centennial knew Hyland & Sons could not get the bonds from Fireman's Fund unless Hyland & Sons had sufficient unencumbered working capital. Centennial knew the sole purpose of its loan to David Hyland was to infuse Hyland & Sons with sufficient working capital to qualify for bonding with Fireman's Fund.
 
 
 9
 Aware that the loan to Dave Hyland could have no corporate tie-in to Hyland & Sons, Centennial knowingly defeated the purpose of the loan by: (1) requiring Hyland & Sons to sign a corporate guaranty guarantying Dave Hyland's personal loan; (2) requiring Hyland & Sons to maintain a certificate of deposit of "equal dollar value" to the loan; and (3) requiring Hyland & Sons to sign a pledge that it would not withdraw the certificate of deposit without prior approval of the bank.
 
 
 10
 Centennial knew Fireman's Fund was relying on loan information gathered by Hyland & Sons' accountant. In response to a standard form of inquiry sent by Fireman's Fund to Centennial, Centennial responded "none" to a question whether Hyland & Sons had any contingent liability as a guarantor of another person's debt. Later, there was a meeting among representatives of Centennial, Fireman's Fund and the accountant. The accountant emphasized there could be no restrictions, guarantees or corporate tie-ins between the personal loan to Dave Hyland and Hyland & Sons. Specifically aware of this, Centennial's representatives remained silent. Their silence could reasonably be interpreted by the jury as a confirmation, which they knew to be false, that there were no restrictions on Hyland & Sons' assets and there was no corporate guaranty of the personal loan to Dave Hyland. The evidence, viewed as a whole in the light most favorable to Fireman's Fund, was sufficient for the jury to find the requisite element of intent.
 
 C. Causation
 
 11
 Centennial argues the district court erred in denying its motions for "Judgment as a Matter of Law," because Fireman's Fund failed to establish loss causation between Centennial's misrepresentations and Fireman's Fund's loss. We disagree.
 
 
 12
 To prove loss causation, Fireman's Fund had to establish that Centennial's misrepresentations induced Fireman's Fund to issue completion bonds to Hyland & Sons, and that such misrepresentations were a substantial factor in bringing about Fireman's Fund's loss. See Criqui v. Pearl Music Co., Inc., 599 P.2d 1177, 1181 (Or.1979).
 
 
 13
 Centennial argues Hyland & Sons' guaranty did not cause its default on any project, the guaranty was never invoked, and the financial collapse of Hyland & Sons was not caused or contributed to by its contingent liability to Centennial.
 
 
 14
 There was substantial evidence, however, that Fireman's Fund would not have written the bonds if it were not for Centennial's misrepresentations about the guaranty and the restricted certificate of deposit. Fireman's Fund introduced evidence at trial that the restricted certificate of deposit defeated the purpose of Centennial's personal loan to Dave Hyland and contributed to a cash shortfall to Hyland & Sons. Additionally, the evidence demonstrated that if Hyland & Sons' capital had not been restricted, the company would have been able to perform projects and Fireman's Fund would not have suffered the loss it did. We conclude the district court properly denied Centennial's motions for "Judgment as a Matter of Law" on the issue of causation.
 
 D. Comparative Fault
 
 15
 Centennial argues the trial court should have applied Oregon's comparative fault statute to reduce the fraud judgment against Centennial. Centennial did not argue at trial that comparative fault should apply to the fraud claim. Instead, it filed a motion to amend the judgment, pursuant to Federal Rule of Civil Procedure 59(e) to reduce its liability by Fireman's Fund's comparative fault. The district court denied the motion.
 
 
 16
 We review the district court's denial of a Rule 59(e) motion for abuse of discretion. Floyd v. Laws, 929 F.2d 1390, 1400 (9th Cir.1991) (citing Transgo, Inc. v. Ajac Transmission Parts Corp., 768 F.2d 1001, 1014 (9th Cir.1985), cert. denied, 474 U.S. 1059 (1986)).
 
 
 17
 A Rule 59(e) motion is appropriate "if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School District No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir.1993) (citing All Hawaii Tours, Corp. v. Polynesian Cultural Center, 116 F.R.D. 645, 648 (D.Hawaii 1987), rev'd on other grounds, 855 F.2d 860 (9th Cir.1988)). Centennial relies on the second ground--clear error or a decision which is manifestly unjust.
 
 
 18
 Under Oregon law, when recovery in tort is sought on the basis of reckless conduct, the claim is subject to an offset based on the plaintiff's comparative fault. Centennial points out the district court instructed the jury it could find Centennial guilty of fraud if it found Centennial had acted recklessly or intentionally. Because the verdict does not indicate what level of scienter the jury found, Centennial argues we must assume the verdict was based on recklessness.
 
 
 19
 We disagree. Centennial never objected to the jury instruction it now challenges. Because Centennial did not object to the jury instruction in the district court, Federal Rule of Civil Procedure 51 precludes Centennial from challenging it on appeal.[1] See Glover v. BIC Corp., 6 F.3d 1318, 1325-26 (9th Cir.1993); see also Pacific Group v. First State Ins. Co., 841 F.Supp. 922, 933 (N.D.Cal.1993) (The inadvertent failure to raise an argument at trial waives it; a Rule 59(e) motion is an inappropriate tool to salvage the argument.).
 
 
 20
 Nor can we assume the jury found Centennial acted recklessly rather than intentionally. To do so we would have to second-guess the jury. "A Rule 59(e) motion 'may not be granted where to do so would undermine the jury's fact-finding role...." Abeshouse v. Ultragraphics, Inc., 754 F.2d 467, 473 (2d Cir.1985) (quoting Robinson v. Watts Detective Agency, 685 F.2d 729, 742 (1st Cir.1982), cert. denied, (1983)); Trustees of Cent. States v. Golden Nugget, Inc., 697 F.Supp. 1538, 1549 (C.D.Cal.1988).
 
 CONCLUSION
 
 21
 Centennial failed to preserve for appeal the issues whether Fireman's Fund had a right to rely on Centennial's misrepresentations and whether Fireman's Fund's recovery should be offset based on Fireman's Fund's comparative fault. The evidence, viewed in the light most favorable to Fireman's Fund, supports a finding that Centennial acted with the requisite fraudulent intent--that it knew it was misleading Fireman's Fund, or acted in reckless disregard of the fact it was misleading Fireman's Fund. There was substantial evidence of loss causation between Centennial's misrepresentations and Fireman's Fund's loss.
 
 
 22
 AFFIRMED.
 
 
 
 *
 Hon. Ruggero J. Aldisert, Senior United States Circuit Judge for the Third Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Rule 51 provides, "No party may assign as error the giving or the failure to give an instruction unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection." Fed.R.Civ.P. 51. "We have interpreted this rule strictly and have stated that, 'in a civil case, we may not review a jury instruction in the absence of a proper objection.' " Glover v. BIC Corp., 6 F.3d 1318, 1326 (9th Cir.) (quoting McGonigle v. Combs, 968 F.2d 810, 823 (9th Cir.1992), cert. dismissed, --- U.S. ----, 113 S.Ct. 399 (1992))