UNITED STATES of America, Plaintiff,

v.

**$39,663.00 IN UNITED STATES CURRENCY, et al., in rem, Defendant.**

**Kari Allison Hoelscher, Claimant.**

Civil No. 94–1381–FR.

United States District Court,
D. Oregon.

July 7, 1997.

Kristine Olson, U.S. Attorney, Kenneth C. Bauman, Asst. U.S. Atty., Portland, OR, for Plaintiff.

Jenny Cooke, Portland, OR, for Claimant.

## OPINION AND ORDER

FRYE, District Judge.

The matter before the court is the motion of the claimant, Kari Allison Hoelscher, for reconsideration re: application of state law (# 62) of the opinion and order of this court filed on April 9, 1997 denying her motion for summary judgment.

On April 9, 1997, this court entered an opinion and order ruling that the "[i]ssues relating to the stop of Hoelscher's van and the investigation and the search that was conducted of that van with the consent of Hoelscher are evaluated in federal court only by the application of federal law." *Id.* at 2.

Claimant Hoelscher moves the court to reconsider its ruling on the grounds that 1) judicial estoppel bars the government from taking the position that federal law applies; 2) the State of Oregon retained jurisdiction over this res; and 3) this court lacks jurisdiction over defendant res. The government opposes reconsideration.

## APPLICABLE STANDARD

■ A motion for reconsideration must demonstrate some reason why the court should reconsider its decision. The motion must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Courts have distilled three major grounds justifying reconsideration: 1) an intervening change in controlling law; 2) the availability of new evidence; and 3) the need to correct clear error or prevent manifest injustice. *All Hawaii Tours Corp. v. Polynesian Cultural Ctr.*, 116 F.R.D. 645, 648 (D.Haw.1987), *rev'd in part on other grounds*, 855 F.2d 860 (9th Cir.1988).

## RULING OF THE COURT

■ There are no facts or law which support reconsideration of this court's opinion and order of April 9, 1997. There are no prior statements by government counsel which would estop this court from making the legal ruling that federal law applies to this federal case on April 9, 1997. The record before the court shows that the defendant $39,663.00 was seized pursuant to a warrant of arrest issued by this court. This court has jurisdiction over the defendant $39,663.00.

The motion of claimant Hoelscher for reconsideration re: application of state law (# 62) of the opinion and order of this court filed on April 9, 1997 is GRANTED. Upon reconsideration, this court adheres to its prior ruling.

IT IS SO ORDERED.