**Medford PACIFIC, a Hawaii limited partnership, Plaintiff,**

v.

**DANMOR CONSTRUCTION, INC., the Danmor Company, Danmor Properties, Inc., and T. Dan Mortimer, Defendants.**

No. CIV. 97–697–FR.

United States District Court, D. Oregon.

April 30, 1998.

Donald J. Churnside, Gaydos, Churnside & Baker, P.C., Eugene, OR, for Plaintiff.

James H. Gidley, Todd M. Peck, Bogle & Gates P.L.L.C., Portland, OR, for Defendants.

### OPINION AND ORDER

FRYE, District Judge.

The matter before the court is the plaintiff's motion to reconsider order granting defendants' motion for partial summary judgment (# 59).

### BACKGROUND

On January 29, 1998, this court entered an order granting the motion of the four defen-

dants for partial summary judgment. In the opinion filed on January 29, 1998, the court explained:

> While Medford Pacific contends that it was "only an investor," the transaction the parties engaged in was a sale and lease-back of the Medford property. Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment, p. 3. The Earnest Money Receipt and Agreement between Medford Pacific and Danmor acknowledges that the purchase price of $1,300,000 consisted of $325,000 cash at the time of closing and the existing $975,000 mortgage. The appraised value of the property at the time that the Earnest Money Receipt and Agreement was signed was $1,350,000. The Earnest Money Receipt and Agreement and the lease agreement provided that permanent financing up to $1,025,000 would be secured by Danmor on the property no later than March 1, 1978. On January 22, 1975, Medford Pacific received the deed for the property.
>
> On January 28, 1976, Danmor obtained a mortgage for permanent financing in the amount of $1,025,000. This mortgage was in the name of Danmor but was secured by the Medford property owned by Medford Pacific. Medford Pacific agreed to this specific encumbrance in both the Earnest Money Receipt and Agreement and in the lease agreement. On May 8, 1978, Medford Pacific signed the second mortgage, making the property subject to the second mortgage. The court finds that Medford Pacific owned the property at all times subject to the first and second mortgages.
>
> The doctrine of merger provides that "when a grantee subject to the mortgage buys in the mortgage, he cannot enforce any right on it against the mortgagor." *Baxter,* 279 Or. at 124, 566 P.2d 501, *quoting* Osborne on Mortgages at 555. Medford Pacific owned the Medford property subject to the first and second mortgages, paid those mortgages, and cannot enforce any right against the mortgagor, Danmor. Danmor is entitled to summary judgment on Medford Pacific's claims to recover the sums that it paid to satisfy the existing mortgage balances after the expiration of the lease.

Opinion, pp. 5–6.

Medford Pacific moves the court to reconsider its grant of summary judgment to defendant Danmor as to the second mortgage in order to correct clear error. Medford Pacific contends that the doctrine of merger is limited by the intent of the parties, and that there is no competent evidence that Medford Pacific intended to be a primary obligor on the second mortgage or that the parties intended for Medford Pacific to pay the second mortgage. Medford Pacific further contends in reply to Danmor's opposition to its motion to reconsider that summary judgment should be reconsidered as to the second mortgage because of Danmor's "intentional misdealings." Plaintiff's Reply to Defendants' Opposition to Plaintiff's Motion to Reconsider, p. 3.

Danmor contends that there are no grounds for reconsideration; that the doctrine of merger is not limited in this case by the intent of the parties; and that Medford Pacific signed the second mortgage and loan commitment thereby allowing the financing to be secured by its property. As such, Danmor argues that the doctrine of merger applied to extinguish any rights of Medford Pacific against Danmor.

### APPLICABLE STANDARD

A motion for reconsideration must demonstrate some reason why the court should reconsider its decision. The motion must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Courts have distilled three major grounds justifying reconsideration: 1) an intervening change in controlling law; 2) the availability of new evidence; and 3) the need to correct clear error or prevent manifest injustice. *All Hawaii Tours Corp. v. Polynesian Cultural Ctr.,* 116 F.R.D. 645, 648 (D.Haw.1987), *rev'd in part on other grounds,* 855 F.2d 860 (9th Cir.1988).

## RULING OF THE COURT

There is no new evidence or change in the law to support reconsideration in this case. Medford Pacific seeks reconsideration of the court's ruling as to the second mortgage on the grounds that the court was wrong.

In its opinion of January 29, 1998, the court stated: "On May 8, 1978, Medford Pacific signed the second mortgage, making the property subject to the second mortgage." *Id.*, p. 6, ln. 9. This date is incorrect. On May 8, 1981, Medford Pacific signed the second mortgage, making the property subject to the second mortgage. Regardless of whether Medford Pacific was named in the second mortgage as a mortgagor, there is no dispute that the property owned by Medford Pacific secured the second mortgage. The court adheres to its ruling that Medford Pacific has no recourse against Danmor for monies paid to avoid foreclosure on the second mortgage.

## CONCLUSION

The plaintiff's motion to reconsider order granting defendants' motion for partial summary judgment (# 59) is allowed; upon reconsideration, the court adheres to its prior ruling.

IT IS SO ORDERED.