In the Matter of PACIFIC
ADVENTURES, INC.

In the Matter of Tropical Hydro, Inc.

Stacy Courtney, Limitation
Claimant/Third Party
Plaintiff,

v.

Pacific Adventures, Inc. and Tropical
Hydro, Inc., et al., Third Party
Defendants.

Pacific Adventures, Inc. and Tropical
Hydro, Inc., et al., Fourth Party
Plaintiffs,

v.

Jeff Jensen, Fourth Party Defendant.

Nos. 97–00216 ACK, 97–00325 ACK.

United States District Court,
D. Hawaii.

May 14, 1998.

Julie H. China, Alcantra Frame & Formby, Honolulu, HI, for Pacific Adventures, Inc.

Michael Jay Green, David J. Gierlach, Honolulu, HI, for Jeff Jensen.

Michael Jay Green, David J. Gierlach, Robert E. Rapp, Honolulu, HI, for Stacy Courtney.

David W. Proudfoot, Honolulu, HI, for Leslie Farnel.

Roy Y. Yempuku, Jeffrey T. Woodruff, Law Offices of Ralph M. Singer, Hermosa Beach, CA, Paul H. Felser, Portman & Felser, Savannah, GA, Paul K.W. Au, Yempukuk & Kugisaki, Honolulu, HI, for Tropical Hydro, Inc., Kainalu, M/V, Dive Maui, Inc.

Deborah E. Barack, Brian M. Pearce, Carlsmith Ball Wichman Case & Ichiki, Honolulu, HI, for Brad K. Stafford.

## ORDER DENYING STAFFORD'S MOTION FOR RECONSIDERATION

KAY, Chief Judge.

### PROCEDURAL BACKGROUND

This action is based on an accident involving a scuba diver and a vessel at sea. On March 26, 1998, this Court issued an order denying summary judgment to Limitation Claimant and Third–Party Defendant Bradley Stafford ("the Order"). 1998 WL 217945. On April 7, 1998, Stafford filed a timely motion for reconsideration. On April 20, 1998, Pacific Adventures filed a memorandum in opposition. On the same day, Tropical Hydro filed a statement of no position. On April 24, 1998, Claimants Stacy Courtney

and Jeff Jensen filed a memorandum joining in part Pacific Adventures' memorandum.

### STANDARD OF REVIEW

■ It is now well established that in the Ninth Circuit a successful motion for reconsideration must accomplish two goals. First, a motion for reconsideration must demonstrate some reason why the Court should reconsider its prior decision. Second, the motion must set forth facts or law of a "strongly convincing" nature to induce the court to reverse its prior decision. *Decker Coal Co. v. Hartman*, 706 F.Supp. 745, 750 (D.Mont.1988) (citing *All Hawaii Tours v. Polynesian Cultural Center*, 116 F.R.D. 645, 649 (D.Haw.1987)), *partially rev'd on other grounds*, 855 F.2d 860 (9th Cir.1988); *see also Great Hawaiian Financial Corp. v. Aiu*, 116 F.R.D. 612, 616 (D.Haw.1987) (citing *Kern–Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D.Cal.1986)), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir.1987).

■ Courts have established three grounds justifying reconsideration: (i) an intervening change in controlling law, (ii) the availability of new evidence, and (iii) the need to correct clear error or prevent manifest injustice. *Decker Coal*, 706 F.Supp. at 750; *All Hawaii Tours*, 116 F.R.D. at 649; *Kern–Tulare Water Dist.*, 634 F.Supp. at 665; Local Rule 60.1.

### DISCUSSION

In the Court's previous Order, the Court denied Stafford's motion for summary judgment based on a release signed by Claimants Stacey Courtney and Jeff Jensen ("the Release"). In the Order, the Court held that 46 U.S.C.App. § 183c would invalidate the Release in the event that Stafford was found to be an agent of the owner of the boat on which Courtney and Jensen were transported. The Court concluded that there were genuine issues of fact regarding Stafford's agency. The Court also noted that, in the event that Section 183c did not apply, the Release would be invalid under Hawaii law. It is this latter point of which Stafford seeks reconsideration.

■ The Court found that Hawaii law would invalidate the Release because a release of liability for gross negligence violates public policy, and the part of the Release that addressed mere negligence was not severable from the part of the Release that addressed gross negligence. Specifically, the Court followed the Ninth Circuit's decision in *Farina v. Mt. Bachelor, Inc.*, which concluded, "In one simple, broad sentence, [the defendant] sought to exculpate itself for any and all claims.... It is not our role to enforce only part of the release clause where it is not obvious from the language of the clause that the parties intended the clause to be severable." 66 F.3d 233, 235 (9th Cir. 1995).

Stafford argues that the Court should not follow *Farina* because *Farina* applied Oregon law, while Hawaii law contradicts Oregon law. Specifically, Stafford argues that the standard the Court applied, considering the intention of the parties, conflicts with the standard under Hawaii law that a contract may be severed if the offending portion can be removed "without doing violence to its essential objects." *Ai v. Frank Huff Agency, Ltd.*, 61 Haw. 607, 619, 607 P.2d 1304 (1980).

The Court finds no such conflict between Hawaii law and the Ninth Circuit's decision in *Farina*. Under Hawaii law, the "goal when interpreting a contractual provision is to determine the intention of the parties." *Pancakes of Hawaii, Inc. v. Pomare Properties Corp.*, 85 Hawai'i 300, 304–05, 944 P.2d 97 (Haw.Ct.App.1997). Thus, Hawaii courts consider the intention of the parties when interpreting a contract to determine whether one portion is severable from another.

In *Ai*, the Hawaii Supreme Court found invalid a provision for attorneys' fees included in a promissory note. 61 Haw. at 620–21, 607 P.2d 1304. The provision provided for attorneys' fees in the event of a default in the amount of 33 1/3% of the amount due. A Hawaii statute, however, limited such attorneys' fees to 25% of the amount due. The court concluded that the attorneys' fees provision was void in its entirety, but found it severable from the promissory note and thereby concluded that amounts were due under the promissory note. *Id.* Like in *Ai*,

the Release in this case exceeds the bounds permitted by public policy. It purports to release Stafford from all claims, while public policy forbids a release for more than mere negligence. Thus, the Release is invalid in its entirety. To state it differently, the essence of the Release is a release from all liability; the Court cannot excise out all other claims, leaving in claims based on negligence, without doing violence to its essential objects. Under *Ai*, the Release would, however, be severable from the underlying contract between Stafford and Courtney for scuba diving services. The Court's Order is thereby consistent with Hawaii law.

Stafford also cites the Restatement (Second) of Contracts § 184, which provides that if part of an agreement is invalid as against public policy, "a court may nevertheless enforce the rest of the agreement in favor of a party who did not engage in serious misconduct if the performance as to which the agreement is unenforceable is not an essential part of the agreed exchange." Stafford notes that Illustration 4 of this Restatement Section provides:

> A and B make an agreement for A to repair B's building under which B promises not to hold A liable for a "willful or negligent breach of duty." The provision is fairly bargained for. Although part of B's promise is unenforceable on grounds of public policy, it is enforceable with respect to negligence.

The Ninth Circuit in *Farina* found the contrary result to be more prudent.[1] Although *Farina* was decided under Oregon law, Oregon law did not mandate such a result; the Ninth Circuit cited Oregon law only for the proposition that the court should consider the intent of the parties. In light of the fact that the *Farina* approach is consistent with Hawaii law, the Court properly followed *Farina* in its Order.[2]

## CONCLUSION

For the foregoing reasons, the Court DENIES Stafford's motion for reconsideration. IT IS SO ORDERED.

---

1. In fact, the *Farina* court referred to another section of the Restatement to determine that a release for liability for wilful breach of duty is illegal. 66 F.3d at 235 (quoting Restatement of Contracts §§ 574–575). Thus, the Ninth Circuit looked to the Restatement when it found its approach prudent. The Ninth Circuit's departure from the *Restatement* may also be explained by the fact that *Farina*, like this case, involved an adhesion contract, while the Restatement's example apparently does not. *Cf. Fireman's Fund Ins. Co. v. M.V. DSR Atlantic*, 131 F.3d 1336, 1338 (9th Cir.1998) (noting that adhesion contracts are strictly construed against the drafter).

2. Stafford also cites to *Wheelock v. Sport Kites, Inc.*, 839 F.Supp. 730, 736 (D.Haw.1993), for the proposition that a release clause regarding liability for negligence and gross negligence is severable. The Court addressed this case in its previous Order, and the Court points out that *Wheelock* preceded *Farina*. In addition, after finding that a release for gross negligence would violate public policy, the *Wheelock* court stated, in the alternative, that the release clause in that case was ambiguous as to gross negligence. 839 F.Supp. at 736 n. 6. Like in this case, the release clause in that case was part of an adhesion contract, and therefore the court construed the ambiguity against the drafter; thus, the *Wheelock* court found that the release clause did not bar a claim in gross negligence. *Id.*