**Earl F. ARAKAKI, et al., Plaintiffs,**

v.

**Linda LINGLE in her official capacity as Governor of the State of Hawaii, et al., Defendants.**

Civil No. 02–00139 SOM/KSC.

United States District Court,
D. Hawai'i.

Dec. 9, 2003.

H. William Burgess, Honolulu, HI, for plaintiff.

Mark Bennett, Charlene M. Aina, Gerard D. Lau, Attorney General, Thomas A. Helper, U.S. Attorney's Office, Sherry P. Broder, Robert G. Klein, McCorriston Miller Mukai MacKinnon, Honolulu, HI, for defendant.

*ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION OF ORDER DISMISSING CLAIMS AGAINST HHCA/DHHL DEFENDANTS*

MOLLWAY, District Judge.

I. *INTRODUCTION.*

On November 21, 2003, 2003 WL 23177409 this court reiterated that Plaintiffs' limited state taxpayer standing only allows them to challenge the state law underlying the expenditure of state taxes. The court then ruled that Plaintiffs' state taxpayer standing did not provide them with standing to challenge a federal law. Because state taxpayer standing is too limited to permit a challenge to a federal law, the court held that it did not allow Plain-

tiffs to challenge the Hawaiian Home Lands lease program, mandated by both state and federal law. *See W. Mining Council v. Watt*, 643 F.2d 618, 631–32 (9th Cir.1981). On December 8, 2003, Plaintiffs filed a motion for reconsideration of that holding. Plaintiffs' motion for reconsideration fails to demonstrate a manifest error of law or fact, and it is denied.

## II. *STANDARD OF REVIEW.*

■ Three grounds justify reconsideration of an order: (i) an intervening change in controlling law, (ii) the availability of new evidence, and (iii) the need to correct clear error or prevent manifest injustice. *All Hawaii Tours v. Polynesian Cultural Ctr.*, 116 F.R.D. 645, 649 (D.Haw.1987), *rev'd in part on other grounds*, 855 F.2d 860, 1988 WL 86203 (9th Cir.1988); *see also* Local Rule 60.1 (allowing reconsideration based on: (a) the discovery of new material facts not previously available; (b) an intervening change in the law; or (c) a manifest error of law or fact). In this motion, Plaintiffs claim that the court's earlier ruling was a manifest error.

## III. *ANALYSIS.*

This court previously ruled that Plaintiffs' limited state taxpayer standing was insufficient to give them standing to challenge a federal law. Relying solely on *Green v. Dumke*, 480 F.2d 624 (9th Cir. 1973), Plaintiffs contend that this ruling is a manifest error. Plaintiffs' reliance on *Green* is misplaced.

*Green* did not arise in the state taxpayer standing context. Instead, the plaintiff in *Green* lost federal grants and loans when a college determined that he was disqualified from receiving student benefits under the 1968 Federal Higher Education Act Amendments, 20 U.S.C. § 1060(a). *Id.* at 626. In *Green* the college argued that, for purposes of § 1983, it was not acting under color of state law when it acted pursuant to that federal statute. *Id.* at 628. *Green*

held that, notwithstanding the federal statute, the college was acting under color of state law. *Id.* at 629.

■ This court did not hold that a plaintiff could never challenge the Hawaiian Home Lands Lease Program. In fact, the court stated:

> By this order, the court is not ruling that the Admission Act can never be challenged. The court can certainly envision claimants with standing to challenge the Admission Act, but any such claimant must have more than state taxpayer status. Such a claimant could possibly include, for example, someone who applied for a Hawaiian Home Lands lease and was turned down solely because he or she was not native Hawaiian. No Plaintiff in this case has shown any such standing.

Order Granting Defendants' Motions to Dismiss Plaintiffs' Claim Regarding the Hawaiian Home Lands Lease Program (Nov. 21, 2003) at 6. Plaintiffs' remaining claims were based on state taxpayer standing. Plaintiffs' Hawaiian Home Lands Lease Program claims were dismissed because their state taxpayer standing was insufficient to challenge both the federal and state requirements of that program. Unlike *Green*, Plaintiffs' claims were not dismissed based on an alleged lack of action under color of state law. Because *Green* in no way expanded the scope of state taxpayer standing, *Green* is inapposite and Plaintiffs fail to demonstrate a manifest error of law or fact justifying reconsideration.

## IV. *CONCLUSION.*

Plaintiffs' motion for reconsideration is denied.

IT IS SO ORDERED.